OPINION. Harron, Judge: The petitioner claims for the estate a marital deduction under section 812 (e) (1) (A) of the Code in the amount of $246,051.98. The Commissioner disallowed the deduction for the following reason: under the terms of the will the widow is only given a life estate, with only a limited power of invasion and no power to dispose of the corpus during her life or at death * * *. The respondent contends that the bequest to the decedent’s wife is of a terminable interest within the meaning of section 812 (e) (1) (B), and is, therefore, an interest for which no marital deduction is allowable. The decedent’s widow received only a life estate, with remainders over to named individuals. Her interest will terminate upon her death, and the remaindermen will thereafter receive the property. The wife’s interest is a terminable interest which is excluded from the allowance of a marital deduction by subsection (B) of section 812 (e) (1). See sec. 81.47 b (d) of Begs. 105. This is true even though the decedent’s will gave the widow the power to use so much of the corpus of the estate as she might need to maintain the way of life to which she and the decedent had been accustomed. In re Potter's Estate, 231 N. Y. S. 355.[1] Assuming that the widow has the right to invade the corpus of the estate (which the respondent questions), such power does not convert the life estate into an absolute fee. See Terry v. Wiggins, 47 N. Y. 512; and In re Brower's Estate, 104 N. Y. S. 2d 658. These cases hold that where the decedent names remaindermen to take the unconsumed estate, a life tenancy exists even though there is a power to invade corpus. It is held that the interest passing to the surviving spouse in the decedent’s estate is a terminable interest within the meaning of section 812 (e) (1) (B) of the Code. It follows that no marital deduction therefor is allowable. Becomputation of the deficiency is necessary. Decision will be entered under Bule 50. In Potter’s Estate, the decedent’s will gave the widow the use of the income of decedent’s property and as much of the principal as she needed for her support. It was held that the widow had only a life estate.