BURRELL GROVES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39264. Filed August 31, 1954.

*Douglas D. Felix, Esq.*, for the petitioner.
*Newman A. Townsend, Jr., Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $10,250.78 in the income tax of the petitioner for its fiscal year ended May 31, 1946. The only issue for decision is whether the deferred

profit on an installment sale of real estate is taxable during this fiscal year as a result of the petitioner's canceling and satisfying the installment obligations in connection with the resale of the property by the obligees and the acceptance by the petitioner of new obligations of the new purchasers. The facts have been presented by a stipulation which is adopted as the findings of fact.

The petitioner, using an accrual method, filed its corporate return for the taxable year with the collector of internal revenue for the district of Florida. It owned and operated a citrus grove until it sold the property in 1943 to its two stockholders, Eugene and Alice Burrell. They paid a part of the purchase price in cash and gave their promissory note for the balance. The petitioner's profit on the sale was $51,278.50 and it chose to report it on the installment method as permitted by section 44 (b), Internal Revenue Code of 1939. The note was for $182,250 payable in 15 annual installments with interest at 4 per cent and was secured by a mortgage from the purchasers to the petitioner on the property sold.

The Burrells resold the property for $300,000 on July 2, 1945, at which time $158,000 was still owed to the petitioner. The purchaser, a partnership of three individuals, herein called Britt, gave to the Burrells its note for $50,000 due January 1, 1946, and its note for $17,000 due April 15, 1946, and gave to the petitioner its note for $8,000 due April 15, 1946, and its 5 notes for $30,000 each, one of which was due annually beginning July 1, 1946. All Britt notes bore interest at 5 per cent and were secured by a mortgage on the property dated July 2, 1945, given by Britt to the Burrells and the petitioner. The petitioner, pursuant to minutes of a meeting of its board of directors dated July 2, 1945, canceled the note and mortgage, surrendered the note to the Burrells, satisfied the mortgage of record, and accepted the new notes and mortgage of Britt "in their place."

The Commissioner, in determining the deficiency, increased the reported income for the taxable year by $41,003.12 and explained that the installment obligations of the Burrells were satisfied and the remaining unreported profit became taxable under section 44 of the Internal Revenue Code of 1939.

Section 44 of the 1939 Code was enacted to benefit taxpayers using an accrual method of accounting for and reporting income. Subsection (b) allows the income from a sale of real property, the initial payment on which is not more than 30 per cent of the selling price, to be reported as income ratably over the period of the payments in the proportion that the payment for any year bears to the total sales price. Otherwise the entire profit would have been taxable as income imme-

diately. Congress provided certain limitations on that new method of reporting. One was that the tax liability would have to be settled when and if the taxpayer "disposed of" the installment obligation or accepted satisfaction of it. Subsec. (d). *Spencer* v. *Granger*, 102 F. Supp. 205; *Thos. Goggan & Bro.*, 45 B. T. A. 218; *T. Eugene Piper*, 45 B. T. A. 280; *Lucille L. Morrison*, 12 T. C. 1178.

Here the installment obligations upon which the petitioner was reporting, as permitted by section 44 (b), were "disposed of" through cancellation and satisfaction during the taxable year. The debtors did not pay their debt to the petitioner in cash but the petitioner agreed to accept in cancellation and satisfaction of the debt due from the Burrells the agreement of Britt to pay a like amount of principal in different installment amounts at different due dates with a different interest rate secured by notes and a mortgage of a different debtor. The petitioner thus "disposed of" the installment obligations, received other property in payment of them, and the installment obligations were satisfied for valuable consideration. The petitioner argues that there was merely a novation, the substitution of new obligations for the old ones, and no substantial change upon which to base termination of the installment method of reporting. However, Congress did not provide that the method of reporting could be continued under such circumstances or indicate any such intention; but, on the contrary, indicated reasonably clearly that it was to terminate. Britt did not assume the obligations of the Burrells and the petitioner did not continue to hold those obligations, so the case of *J. C. Wynne*, 47 B. T. A. 731, relied upon by the petitioner, is not in point. The thought which apparently prompted Congress to enact subsection (d) was that installment income would escape taxation upon a transfer of the installment obligation since the transferee might have a higher basis for the obligation. House Ways and Means Committee Rept. No. 2, 70th Cong., 1st Sess. (1927), pp. 14–16; S. Rept. No. 960, 70th Cong., 1st Sess. (1927), pp. 22–24. That possibility is not present here but, nevertheless, there was a disposition which substantially changed the situation of the accrual basis taxpayer and Congress has not said that it can delay reporting until paid in cash. The Court concludes that there is insufficient basis for disturbing the determination of the Commissioner although the intention of Congress is not crystal clear.

*Decision will be entered for the respondent.*