ESTATE OF HARRISON P. SHEDD, DECEASED, FIRST NATIONAL BANK OF ARIZONA, PHOENIX, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37205. Filed October 15, 1954.

*Walter L. Nossaman, Esq.*, for the petitioner.
*Charles H. Chase, Esq.*, for the respondent.

OPINION.

BRUCE, *Judge:* Petitioner contends that the property over which decedent's widow had a general power of appointment qualifies for the marital deduction under section 812 (e) of the Internal Revenue Code of 1939, the pertinent portions of which are set forth in the margin.[1] The controlling questions for decision as we view the facts are (1) whether the interest received by the widow was terminable within

---

[1] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate

* * * * * * *

(e) BEQUESTS, ETC., TO SURVIVING SPOUSE.—

(1) ALLOWANCE OF MARITAL DEDUCTION.—

(A) In General.—An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

(B) Life Estate or Other Terminable Interest.—Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—

(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse) ; and

(ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

* * * * * * *

(F) Trust with Power of Appointment in Surviving Spouse.—In the case of an interest in property passing from the decedent in trust, if under the terms of the trust the surviving spouse is entitled for life to all the income from the corpus of the trust, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire corpus free of the trust (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the corpus to any person other than the surviving spouse—

(i) the interest so passing shall, for the purposes of subparagraph (a), be considered as passing to the surviving spouse, and

(ii) no part of the interest so passing shall, for the purposes of subparagraph (B) (i), be considered as passing to any person other than the surviving spouse. This subparagraph shall be applicable only if, under the terms of the trust, such power in the surviving spouse to appoint the corpus, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

the purview of section 812 (e) (1) (B), and (2) if so, whether the interest received qualifies as a "Trust with Power of Appointment in Surviving Spouse" under section 812 (e) (1) (F).

Section 812 (e) (1) (B) provides, in part, that no deduction shall. be allowed for the interest of the surviving spouse where "upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail" and the interest will then pass from the decedent to someone other than the surviving spouse or her estate. Under the terms of the will and codicils in the instant case, the interest of the surviving spouse in the residuary estate terminated upon her death and passed from the decedent to someone other than the estate of the surviving spouse, if she failed to exercise her power of appointment. Therefore, the interest of the surviving spouse was clearly terminable within the purview of section 812 (e) (1) (B) unless the gift over in default of appointment was void from the time of the decedent's death and the surviving spouse received a fee simple interest in one-half of the residuary estate. Cf. *Estate of Michael Melamid*, 22 T. C. 966; *Estate of Frank E. Tingley*, 22 T. C. 402; and *Estate of Emmet Awtry*, 22 T. C. 91 (on appeal C. A. 8). It is immaterial that she did exercise her power of appointment, that the Probate Court accordingly awarded her 50 per cent of the residuary estate, and that, to the extent of this interest, the trust was not allowed to come into existence. Cf. *Estate of Frank E. Tingley, supra.*

Petitioner contends, however, that the widow received an absolute fee in one-half of the residuary estate and that the gift over in default of appointment was repugnant and void. We do not agree. The parties have cited and we have found no Arizona cases which are in point. Petitioner cites *Hayward's Estate*, 57 Ariz. 51, 110 P. 2d 956, which adopts as controlling the following rule stated in 19 American Jurisprudence 575:

> The general rule is well established that whenever an estate is given to a person generally or indefinitely with an unlimited power of disposition annexed, invariably the absolute fee is vested in the first taker, and an executory limitation over is repugnant and void. * * *

See also *Newhall* v. *McGill*, 69 Ariz. 259, 212 P. 2d 764. But in the instant case the estate was not given to the widow generally or indefinitely. She received a life estate in trust with a general power of appointment. The rule in this situation, according to 19 American Jurisprudence 577, is as follows:

> It is a well-settled rule that if a life estate is expressly created by the terms of a deed or will * * * the mere addition thereto of a power of disposal does not render invalid an executory limitation on grounds of repugnancy. * * * This general rule has been applied when the power of disposal in the life tenant is an absolute or general one * * *

The rule as stated above seems to have been followed in virtually every jurisdiction. 3 Page, Wills, sec. 1153; *United States* v. *Moore*, 197 Ark. 664, 124 S. W. 2d 807, 808; *Mansfield* v. *Shelton*, 67 Conn. 390, 35 Atl. 271, 272; *Kent* v. *Morrison*, 153 Mass. 137, 26 N. E. 427; *Bienvenu* v. *First National Bank of Atlanta*, 193 Ga. 101, 17 S. E. 2d 257. In Tennessee and Virginia, where the courts reached the opposite result, the majority rule was adopted by statute. Williams' Tenn. Code 1934, sec. 8093; Virginia Code of 1950, sec. 55-7. As we see no reason to depart from the majority rule in the instant case, we cannot sustain petitioner's contention that the gift over in default of appointment was void. Therefore the interest received by decedent's spouse was terminable within the purview of section 812 (e) (1) (B) even though it was the "practical equivalent of ownership." 3 Restatement, Property (1944), p. 1813.

In the alternative petitioner contends that, irrespective of whether it is otherwise entitled to the deduction, the interest received by the surviving spouse qualifies for the marital deduction because there was substantial compliance with the provisions of section 812 (e) (1) (F). That subsection is an exception to the terminable interest rule and allows the deduction under certain circumstances where the surviving spouse is left a life estate in trust and is given the power to appoint the corpus free of the trust.

Section 812 (e) (1) (F) provides that in order to qualify under its provisions the surviving spouse must be entitled to "*all* of the income from the corpus of the trust" and be empowered to "appoint the *entire* corpus free of the trust." (Emphasis supplied.) Here the surviving spouse was entitled to two-thirds of the income from the corpus of the trust and had the broadest possible power of appointment over one-half of the corpus. Petitioner tacitly admits that this does not constitute literal compliance with the terms of the statute. It argues, nevertheless, that the statute should be construed so as to allow the deduction to the extent of one-half the residue or corpus over which the widow had a general power of appointment.

It is true that with only a few additions to the second codicil and with only minor substantive changes the decedent could have created a separate trust of one-half the residue of his estate in favor of his wife which could have easily qualified under section 812 (e) (1) (F). Cf. *United States Trust Co.* v. *Commissioner*, 296 U. S. 481; 1 Scott, The Law of Trusts (1939), p. 440; Regs. 105, sec. 81.47 (*c*). But, as in the *United States Trust Co.* case, if the statute so reads, the liability for tax can depend upon whether or not a separate trust was created.

Perhaps the only concern of Congress in enacting section 812 (e) (1) (F) was that the surviving spouse have the income for life and a general power of appointment over the interest to be deducted, and its

only purpose in wording the statute as it did was to insure that result. Nevertheless, an income interest in and a power of appointment over a part of the corpus of a single trust does not satisfy the requirements of section 812 (e) (1) (F) as written, and therefore the deduction is not allowable. *Estate of Louis B. Hoffenberg*, 22 T. C. 1185. See also *Burrell Groves, Inc.*, 22 T. C. 1134. In order to qualify for the deduction the petitioner must bring itself squarely within the terms of the statute. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435.

Petitioner further contends that the pertinent language of the Internal Revenue Code of 1939 should be construed in the light of the legislative history of its counterpart, section 2056 (b) (5) of the Internal Revenue Code of 1954. The latter section modified section 812 (e) (1) (F) by specifically allowing the marital deduction where the surviving spouse receives a right to income plus a general power of appointment over only an undivided portion of the property or corpus. Petitioner argues that the House Ways and Means Committee Report on section 2056 of the 1954 Code [2] indicates that that committee considered this a clarifying amendment and not an actual change in the existing law.

If the language of section 812 (e) (1) (F) of the 1939 Code were ambiguous, a statement construing that language made 6 years later by the Ways and Means Committee might be extremely helpful and possibly conclusive in determining its significance. *Sioux Tribe* v. *United States*, 316 U. S. 317, 329; *United States* v. *Freeman*, 3 How. 556, 564 (44 U. S., 1845) ; *Tiger* v. *Western Investment Co.*, 221 U. S. 286, 309; *Great Northern Ry. Co.* v. *United States*, 315 U. S. 262, 277. But the language of section 812 (e) (1) (F) is not ambiguous. Also, we do not agree that the committee was attempting to construe the language of that section. The report merely states that it is not clear under the 1939 Code when an income interest in and a power of appointment over part of the property left in trust qualifies for the marital deduction. Perhaps the committee was referring to the not

---

[2] H. Rept. No. 1337, 83d Cong., 2d Sess. (1954), pp. 91–92 :

H. Marital deduction (sec. 2056).

(1) Life estate with power of appointment.—A marital deduction is allowed in computing the taxable estate under present law for the value of property passing from one spouse to the other, if the surviving spouse has a right to the income from the property and has a general power of appointment over it. However, present law requires in such cases that the property be placed in "trust" and because of doubt under the law of the various States as to what constitutes a "trust" it is not clear when a legal life estate will qualify as a trust. Nor is it clear where property is placed in trust and the surviving spouse has an income interest in and power of appointment over part of the property, when the interests given the surviving spouse constitute a transfer in trust qualifying for the marital deduction.

The bill makes it clear that property in a legal life estate as well as property in trust qualifies for the marital deduction and that a right to income plus a general power of appointment over only an undivided part of the property will qualify that part of the property for the marital deduction. Conforming changes have been made for life insurance or annuity payments where the surviving spouse has a power of appointment.

\* \* \* \* \* \* \*

infrequent difficulty of determining whether or not a separate trust was created for the surviving spouse. Cf. 3 Page, Wills, sec. 1194. The statement, in any event, does not change the plain meaning of section 812 (e) (1) (F). *Estate of Louis B. Hoffenberg, supra.* Cf. *Penn Mutual Co. v. Lederer*, 252 U. S. 523, 537–538.

It is possible Congress would have allowed the deduction of an undivided interest in a single trust, if the matter had been brought to its attention when it passed the Revenue Act of 1948 adding section 812 (e) (1) (F) to the Code. The Commissioner, however, in his Regulations 105, section 81.47 (c), correctly construed the statute as not allowing the deduction. If Congress wished to change that result in the case of decedents dying prior to 1954, it could have made section 2056 of the 1954 Code retroactive. Instead, the expanded relief found in section 2056 applies only to estates of decedents dying subsequent to the passage of the Revenue Act of 1954. It is not our province to make the new provision retroactive, and therefore, respondent's determination denying the marital deduction is sustained. *Estate of Louis B. Hoffenberg, supra.*

*Decision will be entered under Rule 50.*