Estate of Frank Clifford Bickers, American National Bank and Trust Company of Chattanooga, Tennessee, Executor v. Commissioner.
Estate of Bickers v. Commissioner
Docket No. 50175.
United States Tax Court
T.C. Memo 1955-224; 1955 Tax Ct. Memo LEXIS 117; 14 T.C.M. (CCH) 901; T.C.M. (RIA) 55224; August 9, 1955
*117 Petitioner's decedent devised his residuary estate in trust. His surviving spouse was not entitled to all of the income from the trust, and had a power to appoint only one-half of the corpus of the trust. Held, that no part of the transfer in trust qualifies for a marital deduction within the meaning of section 812(e)(1)(F) of the Internal Revenue Code of 1939. Joe A. Roddy, Esq., James Building, Chattanooga, Tenn., for the petitioner. Frederick T. Carney, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: The respondent determined a deficiency in estate taxes in the amount of $17,288.37. The sole issue before us is whether a bequest in trust qualifies for the marital deduction within the provisions of section 812(e)(1)(F) of the Internal Revenue *118 Code of 1939 where the surviving spouse was not entitled to all of the income from the trust and her power to appoint by will was limited to one-half of the corpus of the trust. All of the facts are stipulated and are incorporated herein by reference. Petitioner's decedent died testate on January 22, 1951, and was survived by his wife. The pertinent provisions of his will are as follows: "4. All the rest and residue of my estate, real property, personal property, or mixed property, of every kind, character and description, and wherever the same may be situate, I give, devise and bequeath to American National Bank and Trust Company, of Chattanooga, Tennessee, as trustee, to be held, managed and disposed of as hereinafter provided: * * *
"Tenth: Out of the net income or corpus of the trust estate the trustee shall pay $400.00 per month (unless the same be paid in whole or in part out of the insurance trust set up by me, of which American National Bank and Trust Company, of Chattanooga, is trustee) to my wife, Grace W. Bickers, together with such other funds each month as my wife, Grace W. Bickers, may desire * * *, and in any and all events not less than one-half of the *119 income of the trust estate shall be paid to my wife at least annually. "Eleventh: Out of the net income or corpus of the trust estate, the trustee shall pay $150.00 per month (unless the same be paid in whole or in part out of an insurance trust set up by me, of which American National Bank and Trust Company, of Chattanooga, is trustee), to my daughter, Grace E. Bickers, but no part of said $150.00 per month shall be paid out of the one-half of income of the trust estate payable to my wife, Grace W. Bickers, nor out of the one-half of the corpus of the trust estate to be disposed of according to the will of my said wife, Grace W. Bickers. "Twelfth: (a) Upon the death of my wife, Grace W. Bickers, this trust shall terminate and be distributed free and discharged of this trust as soon as it can legally be done, and unless Anne S. Bickers shall have received the sum of $5,000.00 from said insurance trust set up by me, the trustee shall pay the sum of $5,000.00 if she be living, to Anne S. Bickers, widow of my son, C. W. Bickers, deceased, but if she be dead, this gift to her shall fail and be void. One-half of the trust estate of the value determined for Federal Estate tax at the *120 time it came into the hands of the trustee, shall be distributed by the trustee according to the provisions of the last will and testament of my wife, Grace W. Bickers; and the balance of the trust estate including all property over which I have power of distribution under the last will and testament of my wife, Grace W. Bickers, shall be distributed equally, share and share alike, in money or in kind, or partly in kind and partly in money as may seem desirable to the trustee, so as to give fair values, to my three children, to-wit: Harry F. Bickers, Kenneth D. Bickers, and Grace E. Bickers, * * *
"Thirteenth: Should all of those made beneficiaries hereunder die before the termination of this trust, including the said Anne S. Bickers, then, in such event, the gifts to them shall fail and be void and of no effect then in such event, at that time, this trust estate shall be equally divided, in kind or in money, or partly in kind and partly in money, as the trustee may in its discretion determine, free and discharged of said trust among those persons, share and share alike, who shall at that time be my heirs at law, according to the laws of descent and distribution of the State *121 of Tennessee in effect at that time. "Fourteenth: The trustee shall have full discretion and authority to encroach upon the corpus of the trust estate, * * * provided, however, that at least one-half of the trust estate of the value determined for Federal Estate tax at the time it came into the hands of the trustee shall be subject to encroachment for the sole benefit of my said wife. * * *" The provisions of section 812 of the 1939 Code, to the extent here relevant, are as follows: "SEC. 812. NET ESTATE. "For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate - * * *
"(e) Bequests, etc., to Surviving Spouse. - "(1) Allowance of marital deduction. - "(A) In general. - An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate. * * *
"(F) Trust with power of appointment in surviving spouse. - In the case of an interest in property passing from the decedent in trust, *122 if under the terms of the trust the surviving spouse is entitled for life to all the income from the corpus of the trust, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire corpus free of the trust (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the corpus to any person other than the surviving spouse - "(i) the interest so passing shall, for the purposes of subparagraph (A), be considered as passing to the surviving spouse, and "(ii) no part of the interest so passing shall, for the purposes of subparagraph (B)(i), be considered as passing to any person other than the surviving spouse. "This subparagraph shall be applicable only if, under the terms of the trust, such power in the surviving spouse to appoint the corpus, whether exercisable by will or during life, is exercisable by such spouse alone and in all events." [Opinion] It is apparent from the provisions of decedent's will that only a single trust was created, *123 that the surviving spouse was not entitled to all of the income from the trust, and that the power of appointment of the surviving spouse was limited to one-half of the corpus of the trust. It is clear that our decision in Estate of Louis B. Hoffenberg, 22 T.C. 1185 (1954), affirmed per curiam (C.A. 2) 223 Fed. (2d) 470 is controlling, and that no part of the transfer in trust qualifies for the marital deduction. See also Estate of Harrison P. Shedd, 23 T.C. 41 (1954); Estate of Arthur Sweet, 24 T.C. - (filed June 24, 1955). Decision will be entered under Rule 50.