Estate of William H. A. Warner, deceased, Charles B. Clancy, Executor, and Natalie Warner, Executrix v. Commissioner.
Estate of Warner v. Commissioner
Docket No. 53510.
United States Tax Court
T.C. Memo 1956-278; 1956 Tax Ct. Memo LEXIS 14; 15 T.C.M. (CCH) 1448; T.C.M. (RIA) 56278; December 26, 1956
*14 Richard S. Greenlee, Esq., 50 Broadway, New York, N. Y., for the petitioners. William F. Fallon, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency in estate tax with respect to the estate of William H. A. Warner, a resident of New Jersey, who died May 12, 1950. The sole question presented is whether the estate is entitled to the marital deduction under Section 812(e)(1)(F) of the Internal Revenue Code of 1939. Most of the facts have been stipulated, and the stipulation is incorporated herein as part of our findings. The decedent's will provided in part as follows: "SIXTH: All the rest, residue and remainder of my property, both real and personal, I give, devise and bequeath to my daughter, Natalie Warner, and my friend, Charles B. Clancy, Counsellor at Law, in trust to hold and manage same and collect the income therefrom and pay the entire net income therefrom to my wife, Natalie F. Warner, semi-annually during the term of her natural life and upon her death to distribute an amount of this trust fund equal to one-half of my entire estate as determined at the time of my decease to such person *15 or persons as my said wife in her last will and testament shall appoint, or if she shall fail to exercise said power of appointment, or if she shall die intestate, then to her next of kin in accordance with the statute of descent and distribution then existing in the state in which my said wife, Natalie F. Warner, may be resident at the time of her decease." Succeeding paragraphs provided for the disposition of income and corpus of "the balance of this trust fund" to the decedent's children after his wife's death. Section 812(e)(1)(F) makes the marital deduction available where the surviving spouse is entitled to all the trust income for life and has a power "to appoint the entire corpus * * *, and with no power in any other person to appoint any part of the corpus to any person other than the surviving spouse * * *". Obviously, if paragraph "Sixth", quoted above, creates but one trust, the marital deduction is not available because the widow was not given the power to appoint the "entire" corpus as required by Section 812(e)(1)(F). Petitioner contends, however, that paragraph "Sixth" created several trusts and that the widow was given power to appoint the entire corpus (consisting *16 of one-half the residuary estate) of a trust pertaining to her. Cf. U.S. Trust Co. of New York v. Commissioner, 296 U.S. 481; Estate of Arthur Sweet v. Commissioner, 234 Fed. (2d) 401 (C.A. 10), affirming 24 T.C. 488; Est. of Harrison P. Shedd, 23 T.C. 41; Est. of Louis B. Hoffenberg, 22 T.C. 1185, affirmed per curiam, 223 Fed. (2d) 470 (C.A. 2). The instrument reads plainly enough. It seems clear that only one trust was created. New Jersey cases cited by petitioner are not persuasive in the context of the present record and the problem presented here. Over the objection of the Government, petitioner was permitted to present evidence which, it was contended, shows that the decedent intended to create several rather than one trust. We do not find it necessary to re-examine the admissibility of or the weight to be given to such evidence. Even if we were to view it in the light most favorable to petitioner, we think it falls short of establishing that more than one trust was created. At most, it indicates in a general way that the decedent was made aware of the marital deduction and desired to have the *17 benefit of it, but there is nothing specific suggesting that he intended to create multiple trusts. Certainly, even if the parol evidence presented by petitioner were fully admissible, it is not of sufficient persuasive force to overcome the plain language of the will. Decision will be entered for the respondent.