Estate of John C. Zeman, The City Bank and Trust Company, Special Administrator v. Commissioner. The City Bank and Trust Company, Transferee v. Commissioner. Estate of John C. Zeman, The City Bank and Trust Company, Former Executor v. Commissioner of Internal Revenue, Respondent.
Estate of Zeman v. Commissioner
Docket Nos. 59641, 60539, 60770.
United States Tax Court
T.C. Memo 1958-68; 1958 Tax Ct. Memo LEXIS 162; 17 T.C.M. (CCH) 336; T.C.M. (RIA) 58068; April 22, 1958
*162 The decedent, survived by his wife and daughter, bequeathed his residuary estate, which had a value in excess of $100,000, to a trustee. His will provided that the entire income of the trust should be distributed to his wife at least quarterly for so long as she lived. The wife was given the unlimited right to invade the trust corpus to the extent of $15,000. At her death the trust terminated and the entire trust estate was distributable to certain beneficiaries other than the wife or her estate. Decedent died owning certain policies of insurance on his life. Under the terms of the policies certain amounts of the proceeds thereof were payable to the wife in monthly installments for her life or for 20 years certain with the provision that if the wife died before the payment of all installments certain, the remaining installments were payable to decedent's daughter. The policies further provided that upon the death of the last to die of decedent, his wife and daughter, any remaining installments certain or their commuted value, as the case may be, were payable to the executors or administrators of such last to die. Held: the right of the surviving spouse to withdraw the $15,000 *163 from the trust corpus and her right to the proceeds of the insurance policies are both terminable interests within the meaning of section 812(e)(1)(B), Internal Revenue Code of 1939, and accordingly such interests do not qualify for the marital deduction. H. W. Schuler, Esq., 710 North Plankington Avenue, Milwaukee, Wis., for the petitioners. Rex A. Guest, Esq., for the respondent. BRUCE Memorandum Opinion BRUCE, Judge: In two deficiency notices dated August 4, 1955, addressed to "Estate of John C. Zeman, The City Bank and Trust Company, Special Administrator," and "Estate of John C. Zeman, The City Bank and Trust Company, Executor, *164 " respectively, and identical in all other respects, respondent determined a deficiency in estate tax due from the Estate of John C. Zeman (sometimes hereinafter referred to as petitioner) in the amount of $14,408.52. In a letter bearing the same date the respondent notified The City Bank and Trust Company (hereinafter referred to as the Bank) that it had been determined that the Bank was liable as a transferee of the property of the Estate of John C. Zeman for a deficiency in estate tax due from such estate in the amount of $14,408.52. The notices of deficiency and transferee liability all concern the same deficiency in estate tax. The parties have stipulated that the Bank is liable as a transferee of property of the estate within the meaning of section 900, Internal Revenue Code of 1939. Two issues remain for decision: (1) whether the amount of $15,000 qualifies for the marital deduction where such amount represents the right of the surviving spouse to withdraw during her lifetime sums not to exceed $15,000 from the corpus of her deceased husband's residuary estate; and (2) whether certain life insurance proceeds qualify for the marital deduction where such proceeds are payable *165 to the surviving spouse in monthly installments during her lifetime with a gift over upon her death of any remaining unpaid installments and the surviving spouse has no power of appointment over any such proceeds. The facts have been stipulated and they, together with the attached exhibits, are adopted as our findings of fact. [Findings of Fact] John C. Zeman (hereinafter referred to as decedent) was an individual who died testate on December 13, 1952, while domiciled at Milwaukee, Wisconsin. The decedent was survived by his wife, Emma S. Zeman, and a daughter, Marcella A. Zeman. The last will and testament of decedent, together with its first and second codicils, was duly proved and admitted to probate on February 3, 1953, in the County Court of Milwaukee County, Wisconsin. Letters testamentary were issued by the County Court of Milwaukee County on June 19, 1953, appointing the Bank as executor of the will of decedent. The Bank acted as executor pursuant to said letters testamentary continuously from June 19, 1953, until April 27, 1954, at which time it was discharged by the County Court of Milwaukee County. Letters of Special Administration were issued to the Bank by the County *166 Court of Milwaukee County on May 20, 1955, for purposes of prosecuting and maintaining an appeal to this Court. The Bank, as executor, caused to be filed with the district director of internal revenue, Milwaukee, Wisconsin, on March 8, 1954, a Federal estate tax return for the Estate of John C. Zeman which disclosed a Federal estate tax liability of $20,145.87. In his will decedent bequeathed his residuary estate having a value in excess of $100,000 to the Bank as trustee. The provisions of the will relating to the disposition of the funds in such residuary trust and directions to the trustee with regard thereto are as follows: "THIRD: * * *
"(b) To pay the entire net income therefrom, [the trust] beginning as of the date of my death, to my said wife, EMMA S. ZEMAN, during her lifetime, such payments to be made at convenient stated intervals, but not less than quarterly. "In addition thereto I do further give to my said wife, the absolute right to withdraw from the principal of said trust estate sums aggregating not to exceed the sum of FORTY-FIVE THOUSAND AND NO/100, to be paid in such amounts and at such time as my said wife shall direct. "(c) To pay to my said daughter, *167 MARCELLA A. ZEMAN, out of the principal or corpus of said trust estate, the sum of ONE HUNDRED DOLLARS ($100.00) per month during the continuance of said trust estate. * * *
"(e) Upon the death of my said wife, as well as if she shall predecease me, this trust shall terminate and the entire trust estate, and all accrued and accumulated income then on hand, less the reasonable and necessary closing expenses of said trust estate shall be paid and distributed to my said daughter, MARCELLA A. ZEMAN; if my said daughter, MARCELLA A. ZEMAN, shall predecease my said wife or shall predecease me and shall leave issue her surviving, then upon the death of my said wife, said trust fund shall be distributed to such issue of my daughter by right of representation." * * *
The will further provided that if Marcella died without issue the trust should terminate and the entire residue thereof should be distributed to certain designated beneficiaries. In a codicil to the will decedent reduced to $15,000 the amount withdrawable by his wife under subparagraph (b) of paragraph Third of the will. In the estate tax return petitioner claimed as part of the marital deduction the amount of $15,000 *168 representing the right of Emma S. Zeman, surviving spouse of decedent, to withdraw $15,000 from the corpus of the testamentary trust. Respondent disallowed such claimed deduction. The items as shown in the table below were included in the gross estate and reported on the decedent's estate tax return and were also claimed as a part of the marital deduction. The following table shows for each item the amount claimed as part of the marital deduction and the amount allowed by the Commissioner: Sched-
Amount
Amount
ule D
Claimed
Allowed
Item 2
Prudential Life Ins. Co. of America, Policy 3887282
$5,000.00
$2,800.00
Item 3
Prudential Life Ins. Co. of America, Policy 3711642
5,000.00
2,800.00
Item 4
Penn Mutual Life Ins., Policy 1861116
7,974.66
None
Item 5
Penn Mutual Life Ins., Policy 769942
Item 6
New York Life Ins. Co., Policy 6587873
9,219.46
None
The various life insurance policies listed as items 2 to 6, inclusive, in the table above were policies of insurance on the decedent's life. The provisions thereof pertaining to the payment of proceeds were contracted with the insured and such provisions were in effect at the time of the decedent's *169 death. The policies constituting items 2 and 3 provide that the sum of $2,200 of each shall be payable to decedent's wife in monthly installments certain for 20 years with the provision that if said wife dies while any installments certain remain unpaid each of the unpaid installments shall be payable on its due date to Marcella A. Zeman, daughter of the insured. The policies further provide that at the death of the last to die of the insured, his wife and daughter, such amounts or the commuted value of any unpaid installments certain, as the case may be, shall be payable to the executors or administrators of the last to die. Emma S. Zeman has no power of appointment or right of withdrawal over the aforesaid proceeds. The policies also provide for establishing separate funds for the remaining $2,800 of each policy to be held at interest, such interest to be paid to the surviving wife at regular intervals. The surviving wife was also given the absolute right of withdrawal of the entire fund so established. Respondent determined that only the proceeds of the aforementioned policies represented by the two funds of $2,800 each qualify for the marital deduction and that the funds of $2,200 *170 each do not so qualify. The policies constituting items 4, 5 and 6 have provisions identical, as far as material to the issue herein, to the provisions contained in the aforementioned policies with respect to the two funds created thereunder in the amounts of $2,200. The Commissioner determined that none of the proceeds of such policies qualify for the deduction. [Opinion] Issue I The first issue in this case involves a $15,000 marital deduction claimed by petitioner relating to the right of the surviving spouse to withdraw such amount from the trust to which decedent had bequeathed his residuary estate. Petitioner contends that such amount qualifies for the marital deduction under the provisions of section 812(e), Internal Revenue Code of 1939, the pertinent parts of which are set forth in the margin. [1] Petitioner particularly relies upon subparagraph (A) of section 812(e)(1), and states on brief as follows: "* * * We submit that the right of withdrawal of a stated amount of the corpus of the trust by the widow, is a grant of an interest in property passing from decedent to his surviving spouse within the meaning of the applicable Code provisions and, therefore, deductible. *171 The amount in question was included as a part of the gross estate of decedent." *172 It has long been held that deductions are matters of legislative grace and that the taxpayer must bring himself squarely within the statute allowing the deduction. New Colonial Ice Co. v. Helvering, 292 U.S. 435; Deputy v. DuPont, 308 U.S. 488. Accordingly, the interest for which the marital deduction is claimed must come exactly within the statutory scheme allowing such benefit. The interest passing from the decedent to the surviving spouse which is involved herein consisted of the absolute right of the surviving spouse to withdraw $15,000 from the corpus of the trust during her lifetime. Petitioner relies upon subparagraph (A) of section 812(e)(1). Subparagraph (B) of section 812(e)(1), however, prevents bequests from qualifying for the marital deduction when the interests involved are terminable as defined in such subparagraph. It is clear that the interest of the surviving spouse herein is such a terminable interest since under the will and codicils thereto the right of the surviving spouse to withdraw the $15,000 will terminate at her death and the trust corpus, of which the interest involved is a part, will pass to someone other than the surviving *173 spouse or her estate. Cf. Estate of Harrison P. Shedd, 23 T.C. 41, affd. 237 Fed. (2d) 345, certiorari denied 352 U.S. 1024; Estate of Edward F. Pipe, 23 T.C. 99, affd. 241 Fed. (2d) 210, certiorari denied 355 U.S. 814; Estate of Michael Melamid, 22 T.C. 966. Petitioner's argument that the surviving spouse's right of withdrawal is not dependent upon the exercise of discretion or upon the act of any other person is immaterial. Nor does the interest in issue come within the exception of the terminable interest provision as set out in subparagraph (F) of section 812(e)(1) since the surviving spouse has no power of appointment over the entire corpus free of the trust. Estate of Harrison P. Shedd, supra. Accordingly, respondent's determination denying the marital deduction with respect to such interest is sustained. Issue II The second issue involves certain proceeds of five policies of insurance on the life of the decedent. Under the terms of the policies the proceeds involved herein are payable to decedent's surviving spouse in monthly installments for 20 years certain with a provision *174 that upon the death of the spouse any installments certain unpaid shall be paid to decedent's daughter. It is further provided that on the death of the last to die of decedent, his wife and daughter, the unpaid installments, or the commuted value thereof, as the case may be, shall be payable to the executors or administrators of such last to die. The petitioner does not appear to seriously dispute respondent's disallowance of the marital deduction claimed with respect to such proceeds. On brief petitioner states: "* * * Were it not for the provisions under which these policies could become payable to the widow's estate, we would be inclined to concede the correctness of the Commissioner's ruling. However, in view of the fact that there is a possibility that the disallowed portions of these policies would pass via the widow's estate, petitioner seeks the ruling of the Court as to whether or not these are to be considered terminable interests within the meaning of the Code as it existed at the time of decedent's death." Whether an interest is terminable within the meaning of section 812(e)(1)(B) is to be determined as of the time of decedent's death. Estate of Harrison P. Shedd, *175 supra. Here the decedent was survived by his spouse and daughter. Therefore, under the terms of the policies an interest in the proceeds thereof has passed to someone other than the surviving spouse, namely decedent's daughter, and should the spouse die, survived by the daughter, prior to the end of the period for payment of installments certain, either the daughter or her estate will receive and enjoy such proceeds. This interest of the surviving spouse in the proceeds involved is a terminable interest within the purview of section 812(e)(1)(B), and since the wife has no power of appointment over such proceeds the exception to the terminable interest rule in subparagraph (G) of section 812(e)(1)[2] is not applicable. Estate of Thomas J. White, 22 T.C. 641. Accordingly, respondent's disallowance of the marital deduction with respect to such proceeds is sustained. *176 Each of petitioners has included in its petition a prayer that credit be allowed for any expenses hereafter incurred in connection with these appeals. No mention of the amount of such expenses is made in the stipulation nor have the parties discussed it on brief. It is clear however, that expenses incurred by an estate in contesting a deficiency determination before this Court are deductible in determining the taxable estate. Estate of Frank F. Tillotson, 44 B.T.A. 644; Estate of Harrison P. Shedd v. Commissioner, 237 Fed. (2d) 345; Regs. 105, § 81.34. Credit will be given in the recomputation for deductible expenses incurred by the estate in prosecuting these causes. The parties may, under Rule 50, reach an agreement as to such amount. If they should fail so to agree, the matter may be disposed of under Rule 51. Decision will be entered under Rule 50. Footnotes
1. SEC. 812. NET ESTATE. For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate - * * *
(e) Bequests, etc., to Surviving Spouse. - (1) Allowance of marital deduction. - (A) In general. - An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate. (B) Life estate or other terminable interest. - Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest - (i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and (ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse; * * *
(F) Trust with power of appointment in surviving spouse. - In the case of an interest in property passing from the decedent in trust, if under the terms of the trust his surviving spouse is entitled for life to all the income from the corpus of the trust, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire corpus free of the trust (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the corpus to any person other than the surviving spouse - (i) the interest so passing shall, for the purposes of subparagraph (A), be considered as passing to the surviving spouse, and (ii) no part of the interest so passing shall, for the purposes of subparagraph (B)(i), be considered as passing to any person other than the surviving spouse. This subparagraph shall be applicable only if, under the terms of the trust, such power in the surviving spouse to appoint the corpus, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.↩
2. SEC. 812. NET ESTATE. For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate - * * *
(e) Bequests, etc., to Surviving Spouse. - (1) Allowance of marital deduction. - * * *
(G) Life insurance or annuity payments with power of appointment in surviving spouse. - In the case of an interest in property passing from the decedent consisting of proceeds under a life insurance, endowment, or annuity contract, if under the terms of the contract such proceeds are payable in installments or are held by the insurer subject to an agreement to pay interest thereon (whether the proceeds, upon the termination of any interest payments, are payable in a lump sum or in annual or more frequent installments), and such installment or interest payments are payable annually or at more frequent intervals, commencing not later than thirteen months after the decedent's death, and all amounts payable during the life of the surviving spouse are payable only to such spouse, and such spouse has the hower to appoint all amounts payable under such contract (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), with no power in any other person to appoint to any person other than the surviving spouse any part of the amounts payable under such contract - (i) such proceeds shall, for the purposes of subparagraph (A), be considered as passing to the surviving spouse, and (ii) no part of such proceeds shall, for the purposes of subparagraph (B)(i), be considered as passing to any person other than the surviving spouse. This subparagraph shall be applicable only if, under the terms of the contract, such power in the surviving spouse to appoint, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.↩