ESTATE OF LOUIS B. HOFFENBERG, DECEASED, ESTHER HOFFENBERG AND MORRIS WEINRAUB, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47462.   Filed September 17, 1954.

*Maurice A. Schnur, Esq.*, for the petitioners.
*Ellyne E. Strickland, Esq.*, for the respondent.

OPINION.

FISHER, *Judge:* All of the facts are stipulated and are incorporated herein by reference. Petitioners' decedent died testate on October 26, 1949, and was survived by his wife. The pertinent portions of his will provided that his residuary estate was to go to his trustees in trust "to pay the net income thereof to my beloved wife, Esther, during the term of her natural life, in weekly installments."

The will also provided that if the net income of the trust estate did not amount to at least $100 per week, the trustees were authorized to pay to the wife out of the corpus so much as might be necessary to make the weekly payments to her at least $100. After 20 years, the minimum weekly payment to decedent's wife was to be increased to $200 per week.

The residuary clause of the will further provided as follows:

I direct my Trustees hereinafter named, upon the decease of my beloved wife, ESTHER, to pay over and transfer the corpus of said trust fund, together with all accumulated income, as follows:

(A) Two-thirds (⅔) thereof as my beloved wife, ESTHER, may direct and appoint by her Last Will and Testament, and upon default of such direction and appointment, to her heirs at law and next of kin in accordance with the intestacy laws of the State of New York.

(B) One-third (⅓) thereof to my grand-nephews, ALLEN WEINRAUB, MELVIN WEINRAUB, HERBERT WEINRAUB and MARVIN BATON, in equal parts.

The provisions of section 812 of the Internal Revenue Code of 1939, to the extent here relevant, are as follows:

SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined * * * by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(e) BEQUESTS, ETC., TO SURVIVING SPOUSE.—

(1) ALLOWANCE OF MARITAL DEDUCTIONS.—

(A) In General.—An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

(B) Life Estate or Other Terminable Interest.—Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—

(i) if an interest in such property passes or has passed * * * from the decedent to any person other than such surviving spouse (or the estate of such spouse) ; and

\* \* \* \* \* \* \*

(F) Trust with Power of Appointment in Surviving Spouse.—In the case of an interest in property passing from the decedent in trust, if under the terms of the trust his surviving spouse is entitled for life to all the income from the corpus of the trust, * * * with power in the surviving spouse to appoint the *entire corpus* free of the trust * * *

(i) the interest so passing shall, for the purposes of subparagraph (A), be considered as passing to the surviving spouse, and

(ii) no part of the interest so passing shall, for the purposes of subparagraph (B) (i) be considered as passing to any person other than the surviving spouse.* * * [Emphasis supplied.]

Petitioners contend that, although decedent's will grants to his surviving spouse the power to appoint only two-thirds of the corpus, the provisions of section 812 (e) (1) (F) are nevertheless complied with on the theory that the words "entire corpus" should be construed to mean only the specific portion of the corpus which is the subject of the right to exercise the power. Thus, petitioners argue, since the power related to only two-thirds of the corpus, such two-thirds represents the "entire corpus" under the provisions of the law relating to the marital deduction.

In the alternative, petitioners urge that if the foregoing construction of the law is untenable, then decedent's will should be construed to create two separate trusts, held as a unit, and that the two-thirds of the corpus to which the power applies must be deemed a separate trust, complying in all respects with the provisions of the law relating to the marital deduction.

As to petitioners' first contention, it is our view that the plain language of the statute leaves no room for the construction urged.

If Congress had intended the words "entire corpus" to mean "specific portion of corpus subject to the power," it would have been a simple matter to express the latter view in clear and unmistakable language (as it has since done in the Internal Revenue Code of 1954, to which further reference will be made *infra*).

An examination of Senate Report No. 1013 (Part 2), 80th Cong., 2d Sess. (reported in 1948-1 C. B. 331), discussing certain conditions which must be met "in order for the interest in property transferred in trust to qualify for a marital deduction" under section 812 (e) (1) (F), not only fails to give any support to petitioners' contention, but tends to confirm our view by the use of the words "entire corpus" in one setting, and the words "only part" and "any part of the corpus" in another. The statement in question, to be found at page 343, is as follows:

> (4) The surviving spouse must have power to appoint the *entire corpus* free of trust, and such power must be exercisable in favor of such surviving spouse or in favor of her estate. A "power to appoint" the corpus includes any power which in substance and effect is such a power regardless of the nomenclature used in creating the power and local property law connotations. If the power is exercisable only at death, the trust is not disqualified merely because the surviving spouse also has the power to invade *only part* of the corpus during her lifetime. It is also immaterial if, in addition to the power to appoint the *entire corpus* free of trust, the surviving spouse has a lesser power, such as to appoint *any part of the corpus* in trust for the benefit of others. However, the surviving spouse must have power to appoint the *entire corpus* to herself, or if she does not have such a power she must have power to appoint the *entire corpus* to her estate. If one such power is her only power, the requirement is met. She may also have any combination of additional powers. [Emphasis supplied.]

The pertinent regulation is more specific. Regulations 105, section 81.47a (c), sets forth five conditions which must be satisfied by the terms of a trust in order for a transfer in trust to qualify for a marital deduction within section 812 (e) (1) (F). The first is that the surviving spouse must be entitled for life to "all the income from the corpus of the trust." The third is that the spouse must have the power to appoint the "entire corpus free of the trust." So far, the words merely repeat the language found in both the law and the Senate report. The regulations, however, add the following:

> If the surviving spouse is entitled to only a portion of the trust income, or has power to appoint only a *portion of the corpus*, the trust fails to satisfy conditions (1) and (3), respectively. However, such conditions may be satisfied by one or more of several separate trusts created by the decedent. An *undivided interest* in property may constitute the corpus of a trust, and the will or a single trust instrument may create more than one trust. [Emphasis supplied.]

In our opinion, the administrative construction included in the regulations is appropriate on the issue in question and we fail to find any basis for a different interpretation.

Petitioners urge that the House report on section 2056 of the Internal Revenue Code of 1954 amounts to a construction of prior law (section 812 (e) (1) (F)) to the effect that the words "entire corpus" mean the specific portion of such corpus over which the power may be exercised. We have examined carefully the Senate report as well as that of the House. We think it would serve no useful purpose to set forth *in extenso* the comments in the reports on the section in question. We find only that the reports carefully avoid any characterization of the meaning of the prior law, and we find no affirmative support for petitioners' contention.

We hold, on the basis of the foregoing discussion, that a power to appoint two-thirds of the corpus does not comply with the condition in section 812 (e) (1) (F) requiring that the surviving spouse have the power to appoint the entire corpus. If the result which we reach is inequitable, the remedy, if any, lies with the Congress, which, had it desired to do so, could have made retroactive the pertinent provisions of the Internal Revenue Code of 1954. A determination by this Court favorable to petitioners' contention would clearly amount to an indirect attempt to legislate.

Petitioners' second contention is that, even if we should hold (as we have above) that the construction of the law urged by them is untenable, we should, nevertheless, determine that a marital deduction is allowable on the basis of a construction of decedent's will to the effect that two separate trusts rather than one were created, each consisting of an undivided interest in the same property, with the power in the surviving spouse applicable to the separate trust consisting of two-thirds of the corpus.

The desire to effectuate an equitable result is appealing, but we have no more authority to amend decedent's will than we have to amend the applicable statute.

Whether an instrument creates one or more trusts depends upon the intention of the grantor or creator as disclosed by the provisions of the instrument. *U. S. Trust Co.* v. *Commissioner*, 296 U. S. 481 (1936); *Hale* v. *Dominion Nat. Bank*, (C. A. 6, 1951) 186 F. 2d 374, certiorari denied 342 U. S. 821. Decedent's will in the instant case refers to the residuary trust in the singular at all times, and nothing therein indicates any intention on the part of decedent that the corpus, consisting of the residuary estate, was to be held in any manner other than as a single trust. The grant of the power to the surviving spouse to appoint less than the whole corpus of the trust is not sufficient of itself to establish an intention on the part of decedent to create more than a single trust, and we find no other provisions in the will upon which an intent to create more than one trust may be based.

We hold, therefore, that no part of the property left in trust qualifies for the marital deduction.

Reviewed by the Court.

*Decision will be entered for the respondent.*