OPINION. HakRon, Judge: The chief question to be decided is whether any part of the property conveyed in trust by the decedent qualifies for the marital deduction under the provisions of sections 812 (e) (1) (F) and 812 (e) (1) (A) of the 1989 Code. Decision of the question turns upon whether the Supplemental Trust Agreement executed by the decedent on July 28, 1948, had the effect of converting one trust into two separate trusts. Under the Supplemental Trust Agreement, the decedent’s surviving spouse was given the income from the entire trust property for life, and a power of appointment over such portion of the trust estate as equals one-half of the value of the decedent's adjusted gross estate, as appraised for Federal estate tax purposes. If only one trust was created, rather than two trusts, no part of the trust property qualifies for the marital deduction under section 812 (e) (1) (F) because the power of appointment in the surviving spouse did not extend to the “entire corpus” of one trust. Estate of Louis B. Hoffenberg, 22 T. C. 1185 (1954); Estate of Harrison P. Shedd, 23 T. C. 41 (1954). The petitioner contends that the property subject to the power of appointment constitutes the corpus of one trust which was created by the Supplemental Trust Agreement, and that the balance of the trust property constitutes the corpus of a second, separate trust. Accordingly, the petitioner claims that the corpus of one alleged trust qualifies for the marital deduction under the provisions of section 812(e) (1) (F), because the surviving spouse had the right to the income from the trust property for life and a power of appointment over the entire corpus of the alleged trust. No claim is made that the other alleged trust, over which the surviving spouse is said to have had no power of appointment, qualifies for the marital deduction. The petitioner relies primarily on the decision of the District Court of Utah, dated September 25,1952. It also relies on the terms of the trust instruments to support its contention that the Supplemental Trust Agreement created two separate trusts. The petitioner does not cite any decision of this Court or of any other Federal court in support of its contention. The evidence shows that the State court action was instituted by the trustee after the Commissioner refused to recognize the Supplemental Trust Agreement as creating two separate trusts; that the defendants in that action, the decedent’s wife and four children, failed to answer or otherwise plead to the trustee’s complaint; and that their defaults were entered by the court. The evidence shows, also, that the trustee’s complaint set forth one specific question to be decided by the court, namely, whether two trusts were created, and that it suggested that two trusts were created by the instruments executed by the decedent. The court’s decision, which was rendered on the same day as the hearing, found, in almost the exact language of the complaint, that two trusts were created. We think it is clear from the facts that there was no real controversy between the parties in the Utah District Court: that the proceedings were nonadversary proceedings; and that the decision of the Utah District Court amounted to a consent decree rather than a decision on issues regularly submitted by parties to an adversary proceeding. We must conclude that the decision of the Utah court is not controlling here where the issue to be decided arises under the Federal Internal Revenue Code. We are unable to regard the decision of the Utah court as a determination of interests in property under State law. See, James S. Reid Trust, 6 T. C. 438; Erik Krag, 8 T. C. 1091; Lois J. Newman, 19 T. C. 708; and Estate of Ralph Rainger, 12 T. C. 483, affd. 183 F. 2d 587, certiorari denied 341 U. S. 904. Furthermore, the trustee, the plaintiff in the action filed in the Utah District Court, failed to comply with the court’s judgment and order. The court ordered that the corpus of the so-called first trust, which was said to be subject to the surviving spouse’s power of appointment, was to consist of properties with a value equal to one-half of the value of the decedent’s adjusted gross estate. One-half of the value of the adjusted gross estate exceeded one-half of the value of the trust properties. Nevertheless, the trustee allocated only an undivided one-half interest in the trust properties to the so-called first trust, rather than such larger portion of the trust properties as equaled one-half of the value of the adjusted gross estate. We turn now to consideration of the trust instruments executed by the decedent. The original trust agreement was executed on June 6, 1947. In July 1948, the decedent, was informed about the marital deduction provisions which were enacted in the Revenue Act of 1948. The evidence leaves no doubt that the decedent executed the Supplemental Trust Agreement on July 27, 1948, in order to obtain the benefits of these new prgvisions. But the question to be decided is not whether the decedent intended to obtain the benefits of the marital deduction for his estate. It is, rather, whether the language of the trust agreement, as amended, discloses an intention to create two trusts. U. S. Trust Co. v. Commissioner, 296 U. S. 481; Estate of Louis B. Hoffenberg, supra; James S. Reid Trust, supra. The two intentions are not synonymous. Under the circumstances of this case it is clear that the decedent could have intended to secure the tax benefits without intending to create, or without being aware of the necessity for creating, two trusts. Carter’s letter of July 13, 1948, which advised the decedent of the provisions of the Revenue Act of 1948, indicated only that the decedent’s wife should be given a power of appointment “over one-half of your trust estate,” or “over one-half of your estate,” and it did not refer to the necessity for creating two separate trusts. In any event, the test is the intention expressed by the trust instruments. Estate of Louis B. Hoffenberg, supra; James S. Reid Trust, supra. We think a fair reading of these instruments discloses an intent to create only one trust. The original trust instrument refers to the trust in the singular 26 times, most frequently by the phrase “the Trust Estate.” This instrument also utilized the word “trusts” twice, once when the decedent reserved to himself the power to “alter, amend, revoke, cancel or annul, in whole or in part, this agreement, and the trusts hereby created,” and again in the final paragraph, which recites that the trustee had caused the trust agreement to be executed on its behalf “in acceptance of these trusts.” We do not attach much significance to the uses of the word “trusts” in the original agreement. The original agreement admittedly created only one trust, and the two plural references obviously refer to the plurality of beneficial interests and fiduciary obligations arising from the trust. The Supplemental Trust Agreement, which provided only a substitution for paragraph IV of the original agreement, contains nothing to indicate an intention on the decedent’s part to change the manner in which the trust properties were held or to have the properties thereafter held in two separate trusts. On the contrary, the eight references to the trust property in the revised paragraph IV are all to “the Trust Estate,” the same phrase used throughout the original instrument, and demonstrate an intention on the grantor’s part that the properties should be held as a single trust. We conclude that the Supplemental Trust Agreement created only one trust, and that no part of the trust assets qualifies for the marital deduction under the provisions of section 812 (e) (1)' (F) and 812 (e) (1) (A) of the 1939 Code. The respondent’s determination is sustained. It appears that the Supplementary Trust Agreement was prepared for the decedent within a short time after the Revenue Act of 1948 was enacted, and considerably before May 13, 1949, when the Commissioner’s regulations pertaining to the marital deduction provisions of the 1948 Act were approved.[1] The Supplementary Trust Agreement appears to have been drafted more with an eye to section 812 (e) (1) (H),[2] as added by the then new statute, than to the requirement of section 812 (e) (1) (F) that the surviving spouse have a power to appoint the “entire corpus” of the trust. When the trust instruments subsequently were questioned by the respondent, the trustee endeavored to obtain a helpful decision from the Utah District Court, as set forth in the Findings of Fact. But, we have pointed out above, the decision of the State court is not controlling in our consideration of the question, and the relief sought by the petitioner cannot be granted on the basis of the State court’s consent decree. Obviously, the result which is reached here is harsh. It is unfortunate that the desire of the decedent and of his advisors, namely, to amend the original trust so that the estate would have the benefits of the marital deduction under section 812 (e) (1) (F) of the 1939 Code, is frustrated by the lack of a correct understanding of all of the technical requirements of the statute. The conclusion which this Court is obliged to reach is particularly unfortunate because the decedent originally created a revocabie trust and he could have, with ease, revoked that trust and substituted two separate trusts. But in our opinion, with all due deference to the decree of the District Court of Utah in a nonadversary proceeding,') tlje decedent did not create two trusts. The Court has given the problem careful as well as sympathetic consideration, but after considerable deliberation and lapse of time, during which the mandate of the applicable statutory provision has been made clear, it is concluded that the respondent’s determination is correct. Decision will he entered for the respondent. See T. D. 5699, 1949-1 C. B. 181, 191, 212. SEC. 812. NET ESTATE., For the purpose of the tax the value of the net estate shall be determined, In the case of a citizen or resident of the United States by deducting from the value of the gross estate— ******* (e) Bequests,, Etc., to Surviving Spouse.— (1) Allowance op marital deduction.— ******* (H) Limitation on Aggregate of Deductions. — The aggregate amount of the deductions allowed under this paragraph (computed without regard to this subparagraph) shall not exceed 50 per centum of the value of the adjusted gross estate, as defined In paragraph (2).