ESTATE OF RAYMOND PARKS WHEELER, EVELYN KING WHEELER, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54749.   Filed June 7, 1956.

*Percy E. Godbold, Jr., C. P. A.*, for the petitioner.
*Homer F. Benson, Esq.*, for the respondent.

## OPINION.

BLACK, *Judge:* The Commissioner in his determination of the deficiency disallowed all of the marital deduction claimed on the estate tax return. However, he now concedes that petitioner is entitled to a marital deduction of $3,500 on account of the proceeds of the insurance policies paid to Evelyn on the death of the decedent. Effect will be given to this concession in a computation under Rule 50.

### *Issue (a).*

The first issue which we have to decide is stated by petitioner in assignment of error (a), as follows:

(a) The Commissioner erroneously determined that the trust assets included in the gross estate at a determined value of $324,822.80 did not pass to the

surviving spouse within the meaning of Section 812 (e) (F) of the Internal Revenue Code, and section 81.47 (a) of Regulations 105, and consequently no part of the assets of the trust may be considered deductible as a marital deduction.

The applicable provisions of the 1939 Code are printed in the margin.[1]

Section 81.47a (c) of Regulations 105 reads, in part, as follows:

SEC. 81.47a. BEQUESTS, ETC., TO SURVIVING SPOUSE.—

(c) *Trust with power of appointment in surviving spouse.*—In the case of property interests which passed from the decedent to a trust, the terms of which satisfy the five conditions stated in this paragraph, the expression "passed from the decedent to his surviving spouse" embraces not only the beneficial interest therein of such spouse but also the interest therein subject to her power to appoint. (As to the treatment of trusts not meeting such conditions, see paragraph (b) (2) of this section.) The five conditions which must be satisfied by the terms of the trust are as follows:

(1) The surviving spouse must be entitled for life to all the income from the corpus of the trust.

(2) Such income must be payable annually or at more frequent intervals.

(3) The surviving spouse must have the power, exercisable in favor of herself or of her estate, to appoint the entire corpus free of the trust.

---

[1] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(e) BEQUESTS, ETC., TO SURVIVING SPOUSE.—

(1) ALLOWANCE OF MARITAL DEDUCTION.—

(A) In General.—An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

(B) Life Estate or Other Terminable Interest.—Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—

(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse) ; and

(ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse ;

\* \* \* \* \* \* \*

(F) Trust with Power of Appointment in Surviving Spouse.—In the case of an interest in property passing from the decedent in trust, if under the terms of the trust the surviving spouse is entitled for life to all the income from the corpus of the trust, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire corpus free of the trust (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the corpus to any person other than the surviving spouse—

(i) the interest so passing shall, for the purposes of subparagraph (A), be considered as passing to the surviving spouse, and

(ii) no part of the interest so passing shall, for the purposes of subparagraph (B) (1), be considered as passing to any person other than the surviving spouse.

This subparagraph shall be applicable only if, under the terms of the trust, such power in the surviving spouse to appoint the corpus, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

(4) Such power in the surviving spouse must be exercisable by such spouse alone and (whether exercisable by will or during life) must be exercisable in all events.

(5) The corpus of the trust must not be subject to a power in any other person to appoint any part thereof to any person other than the surviving spouse.

The foregoing regulations were considered and approved by us in *Estate of Louis B. Hoffenberg*, 22 T. C. 1185, affirmed per curiam (C. A. 2) 223 F. 2d 470. In that case we held that no part of the transfer in trust there involved qualified for the marital deduction under section 812 (e) (1) (F) of the 1939 Code.

Our inquiry in deciding petitioner's assignment of error (a) is whether the terms of the trust satisfy all of the five conditions named in the Treasury regulations just quoted above and which we said in *Estate of Louis B. Hoffenberg, supra*, correctly interpreted the law relating to the marital deduction. If any one of these conditions is not satisfied then the claimed marital deduction must fail.

We shall not undertake to discuss all the five conditions named in the regulations as they relate to the facts connected with the Raymond P. Wheeler trust which we have here to consider. It is obvious that the terms of the trust do not satisfy at least some of the five conditions enumerated in the regulations. For example, it seems clear to us that condition (5) in the regulations is not met by the terms of the trust. That condition reads:

(5) The corpus of the trust must not be subject to a power in any other person to appoint any part thereof to any person other than the surviving spouse.

A reading of paragraph 5 of the trust instrument given in our Findings of Fact will show the following language:

There may also be paid to or for the benefit of the Donor's said wife or used for the benefit of said children such portion or portions, if any, of the principal as the Trustee in its absolute discretion may deem necessary or proper for the maintenance, comfort and support of the Donor's said wife and of said children and their issue. * * *

It seems certain from the foregoing language that the trustee, which is the Hartford-Connecticut Trust Company, has large powers to invade the principal of the trust, not only for the benefit of Evelyn but for the benefit of the children as well. In fact it seems clear that the trust was created for the benefit of the children as well as for Evelyn. Therefore, under the terms of the trust the conditions enumerated in (5) of the regulations are not met.

But even if we are wrong in our holding that the conditions prescribed in (5) of the regulations are not met, nevertheless Evelyn's interest in the trust corpus would still be a terminable one. Paragraph 6 of the trust instrument reads:

6. After the death of the Donor's said wife the trust shall continue for the benefit of the Donor's said children and their issue and shall terminate as hereinafter set forth. * * *

The foregoing language in the trust instrument would prevent the estate from being entitled to the marital deduction based on the trust corpus. See *Estate of Edward F. Pipe*, 23 T. C. 99. In that case we stated the issue to be decided, as follows:

The question presented involves the construction of section 812 (e) of the estate tax law as enacted in 1948: Does property bequeathed to a surviving wife for life, with unlimited powers of invasion or disposition during her lifetime, but with remainders over as to any residue left at her death, qualify for the marital deduction or does the wife acquire merely a "terminable interest" included in the exception provided in subsection (e) (1) (B) of the same section.

Our holding in that case was to the effect that decedent's bequest of a legal life estate to his spouse, coupled with unlimited lifetime power of invasion but with remainder over to the decedent's children, did not qualify for the marital deduction from gross estate permitted by section 812 (e) of the 1939 Code. In that case, in holding against the contentions of the taxpayer estate, we said:

Generally speaking, the "terminable interest" concept was devised for the purpose of assuring that if the property bequeathed to the spouse was to be excluded from gross estate with respect to the decedent, it would be adequately integrated in the spouse's estate so that on her death it would not escape the death tax a second time. As petitioner expresses it, "The basic principle * * * is that the spouse first to die shall be permitted to pass on to the surviving spouse free of estate tax up to one-half of his or her estate, provided only that the terms of the transfer are such that this property will be taxable in the estate of the surviving spouse."

The issue raised by petitioner's assignment of error (a) is decided against petitioner.

### Issue (b).

Petitioner raises issue (b) in the alternative. It is stated in the assignment of error as follows:

(b) The Commissioner erroneously determined that after the payment of the administration expenses, debts of the decedent, and estate taxes, there remained no assets in the possession of the executrix of the estate for distribution to the surviving spouse under the terms of decedent's last will and testament, and consequently the marital deduction was disallowed in full.

We think petitioner's alternative issue (b) cannot be sustained.

As we have already stated, the facts in the instant case have all been stipulated. Petitioner, in its reply brief, states "The trust has paid the estate tax levied to date and will pay any additional estate tax that is levied." But no facts have been stipulated which would enable us to make a fiinding that the trust has paid the estate tax levied to date and will pay any additional estate tax that is levied under our decision in this proceeding. It is clear that the estate tax liability of the estate of decedent constitutes much the largest of its liabilities. The net estate tax payable shown on the return was $31,627.75, and it

is plain that as a result of our decision on issue (a) there will be a considerable deficiency in estate tax due. It is also plain that the estate tax liability, added to the other liabilities of the estate, confirm the correctness of what the Commissioner says in his deficiency notice:

It is held also that after the payment of the administration expenses, debts of the decedent, and estate taxes, there remained no assets in the possession of the executrix of the estate for distribution to the surviving spouse under the terms of decedent's last will and testament, and consequently the claim to a marital deduction is determined to be disallowed in full.

But even if the stipulated facts showed that the trustee of the trust has paid the estate tax which was shown on the return and will pay whatever deficiency in estate tax results from this proceeding, it would not aid petitioner. See *Estate of Herman Hohensee, Sr.,* 25 T. C. 1258. We had an issue before us in that case similar to the one which petitioner raises in its assignment of error (b) In deciding against the taxpayer on that issue, we said:

Nor was there any residuary estate left out of which the widow could secure any bequest "from the decedent" and hence enable the estate to claim the marital deduction as to this portion. The facts show that expenses and taxes more than consume the entire value of the estate actually left at death. True, certain sums were distributed to the widow but these are shown to have been made possible only by contributions on the part of the trust, or of decedent's "heirs-at-law," presumably the children who were also trustees and remaindermen under the trust. The widow did not receive these sums from the decedent and if debts, expenses and taxes reduce the residuary legacy to nothing, the legatee is not considered to have received anything from the estate. *Rogan* v. *Taylor,* (C. A. 9) 136 F. 2d 598. * * *

Cf. *Thompson* v. *Wiseman,* (C. A. 10) 233 F. 2d 734.

We hold against petitioner on issue (b).

### *Issue (c).*

This issue was raised by an amendment to the petition. The amendment contains, among other things, language as follows:

The petitioner hereby prays the court for permission to submit proof of payment of any and all attorney and accountant fees before final computation is made of the estate tax under rule 50.

Petitioner's brief with respect to this assignment of error states in part:

At the time of filing this brief the only attorney fees or accountants fees paid or anticipated and not claimed on the estate tax return is a payment to Mr. J. J. Scarborough, Jr., Attorney at law, Birmingham, Alabama for $300.00. Unless there should be further litigation beyond the Tax Court there will be no further fees. * * *

There seems to be no disagreement between the parties as to this issue. The additional deduction will be treated as provided by Rule

51, "Estate Tax Deduction Developing After Trial," Rules of Practice Before the Tax Court of the United States.

*Decision will be entered under Rule 50.*