Estate of Harry Gelb, Rose Gelb, Executrix, Victor Edwin Gelb, Manufacturers Trust Company, Executors v. Commissioner.
Estate of Gelb v. Commissioner
Docket No. 71095.
United States Tax Court
T.C. Memo 1960-187; 1960 Tax Ct. Memo LEXIS 104; 19 T.C.M. (CCH) 987; T.C.M. (RIA) 60187; September 12, 1960
*104 Howard A. Rumpf, Esq., 11 West 42nd Street, New York, N. Y., for the petitioner. A. Jesse Duke, Jr., Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: Respondent determined a deficiency in estate tax of $47,452.06. The sole remaining controversy is whether the deficiency was properly determined by eliminating from the marital deduction claimed on the estate tax return the value of a testamentary trust established by decedent. The parties have each conceded certain items of which account will be taken in the Rule 50 recomputation. All of the facts were stipulated. They are hereby found. Petitioner's decedent, Harry Gelb, died testate on November 16, 1953. The estate tax return, Form 706, was timely filed with the district director of internal revenue, Brooklyn, New York. Petitioner claimed on its estate tax return a marital deduction in the amount of $215,894.52. Respondent, in the notice of deficiency, decreased the claimed marital deduction by $110,748.84 resulting from the elimination of the corpus of a testamentary trust from the claimed deduction. Respondent's concession with respect to transfers during life results in a decrease in the *105 amount of the allowable marital deduction (as contended by respondent), which amount respondent contends to be $88,282.96. Decedent, by will, established a trust of the residue of his estate, for the life of his wife, Rose Gelb. The trust provided, inter alia, that the net income was to be paid in monthly installments to decedent's surviving spouse, Rose Gelb, with direction to the trustees to invade the principal of the trust should the net income be less than $10,000 per year, in order to provide annual income in at least that amount to the income beneficiary, Rose Gelb. Paragraph FIFTH of the will also provided: Upon the death of my said wife, my Trustees are directed to pay over and distribute the then corpus of this trust, to her estate or to any persons or corporations, in such estates, interests and proportions, either outright or in trust and in such manner, without any restriction or limitation whatsoever, as my said wife shall validly appoint by her Last Will and Testament. * * * The trust also made provision for the distribution of the trust principal in default of the exercise of the power of appointment. The same paragraph FIFTH also contains the following language: *106 I particularly wish to provide for the support and education of my youngest daughter, CLAIRE LILA GELB. Accordingly, I direct that if, in any year or years, my individual Trustees desire funds from said trust fund to provide for the education, maintenance and up-bringing of my said youngest daughter, CLAIRE LILA GELB, then upon application of my individual Trustees, in their sole discretion my Executors and Trustees are hereby directed to pay to my beloved wife such sums as such individual Trustees shall in writing request, not exceeding the sum of Five Thousand ($5,000.00) Dollars per year and I authorize my individual Trustees to apply said sums so requested and paid for the proper support, maintenance, education and upbringing of my said daughter, CLAIRE LILA GELB. The receipt of my individual Trustees for such sums shall constitute an acquittance therefor. The said payments referred to in this numbered paragraph shall be in addition to all other payments provided for by this Will to be made during the lifetime of my said wife. My corporate Trustee shall not be required to see to the use of any payments mentioned in this paragraph which may be made by it to my said wife. *107 Decedent appointed his wife, Rose Gelb, his son, Victor Edwin Gelb, and Manufacturers Trust Company of the city of New York as executors and trustees of the will. Provision was also made in said paragraph for the substitution of executors or trustees should the above-appointed executors or trustees predecease the testator or fail or refuse to qualify. In such event decedent's daughter Ruth Gelb, now known as Ruth Gilbert, was appointed substitute executrix and trustee. The trust income and the payments made to January 1, 1960 were: Paid to
Paid to Rose
Rose Gelb
Gelb for Claire
Total paid
Year
(per will)
Gelb (per will)
to Rose Gelb
Income of trust
1953
$ 833.33
$ 833.33
1954
10,000.00
$ 5,000.00
15,000.00
$ 794.16
1955
10,000.00
10,000.00
3,248.65
1956
10,000.00
5,000.00
15,000.00
3,421.00
1957
10,000.00
5,000.00
15,000.00
3,569.50
1958
10,000.00
5,000.00
15,000.00
3,256.46
1959
10,000.00
5,000.00
15,000.00
2,920.66
Totals
$60,833.33
$25,000.00
$85,833.33
$17,210.43
The parties are in agreement that as a technical matter five conditions must be complied with for a trust to be considered as property *108 giving rise to the marital deduction and that all five must be met: (1) The surviving spouse must be entitled for life to all the income from the corpus of the trust. (2) Such income must be payable annually or at more frequent intervals. (3) The surviving spouse must have the power, exercisable in favor of herself or of her estate, to appoint the entire corpus free of the trust. (4) Such power in the surviving spouse must be exercisable by such spouse alone and (whether exercisable by will or during life) must be exercisable in all events. (5) The corpus of the trust must not be subject to a power in any other person to appoint any part thereof to any person other than the surviving spouse. [Regs. 105, sec. 81.47a(c); 1949-1 C.B. 195, 197. Italics added.] Respondent appears to rely only on the fifth condition. But it seems to us that three of the remaining four requirements are so questionably applicable to the provisions of decedent's will, and that the principle and purpose of the statute is so plainly violated that petitioner cannot succeed on any approach. As to the first necessity, that the surviving spouse must be entitled "for life to all" the *109 trust income, petitioner's brief states at one point: The wording of Paragraph Fifth [of decedent's will] would seem to indicate that the payment in re Claire Gelb [the daughter] should be paid out of income; not corpus. * * * It would therefore, appear that the payments in respect to Claire are to be out of income since no where in this paragraph is the word principal used. * * * If this construction is correct, the widow on these facts would not have been entitled to "all," and in fact to none, of the income, since in the years shown by the record, the total was not large enough to cover the payments for the daughter. See Estate of Allen L. Weisberger, 29 T.C. 217. But petitioner, it is true, says at another point: Close scrutiny of Paragraph Fifth will show that by use of certain words that the widow is entitled to the entire net income, since the special payment for Claire Lila Gelb is to be taken from the "funds" of the trust fund. * * * and it is the contention of the Petitioner that this indicates a withdrawal of corpus. The inadequacy of the income of the trust made inevitable annual invasions of corpus. The sums received by the widow for her own *110 use could, it is true, have been appointed by her without restriction. But this certainly cannot be said to apply to the payments requested and received by her for the support of the daughter. See Estate of Raymond Parks Wheeler, 26 T.C. 466. It seems impossible, moreover, that under the existing facts it was ever true that the widow could appoint "the entire corpus free of the trust." See Estate of Louis B. Hoffenberg, 22 T.C. 1185, affirmed per curiam (C.A. 2) 223 F. 2d 470. Her testamentary appointment will, even if exercised, obviously transmit a much smaller estate than the entire corpus. [1]
Similarly, the restrictions of the will are such that, if it is followed, the widow cannot alone exercise her discretion as to what will be left of the estate, and no power to deal with the entire corpus can be exercisable "in all events." Her discretion is a fiduciary one, see, e.g., United States v. Morss, (C.A. 1) 159 F. 2d 142, and is shared by her son. Even assuming that both should refuse to withdraw *111 the amounts necessary for the daughter's maintenance, it is inconceivable that an equity or surrogate's court would not intervene to carry out decedent's obvious purpose and protect the daughter's interests. The objective of the somewhat complicated provisions of the marital deduction was to cover situations where the surviving spouse, if not in terms, then in essence, was the true and unrestricted equitable owner of the entire trust. Considering the clear intention of decedent to provide for his daughter out of this same trust, we cannot perceive even the possibility that this test has been met here. To provide for stipulated adjustments, Decisions will be entered under Rule 50. Footnotes
1. The power given her to appoint is expressly limited to "the then corpus of this trust," that is. "upon the death of my said wife."↩