.DUNCAN A. McDOUGALD ET AL., APPELLANTS, VS. GILCHRIST'S EXECUTOR ET AL., APPELLEES.

1. The fact that a testatrix by her will bequeaths certain mentioned property to her husband, and also certain other property to other relatives, but does not dispose of her entire property, is not evidence that she intends to exclude her husband from participating in the residue.

2. Under the laws of this State, where the wife having separate property, dies without a child, but makes a will disposing of a portion only of it, the surviving husband is entitled to the residue of such property, both real and personal, after the terms of the will have been carried out. McC. Dig., 471, §12.

Appeal from the Circuit Court for Gadsden county.

The facts of the case are stated in the opinion.

*R. B. Hilton* for Appellants.

The case is that of interpleader brought by the executor of Mrs. M. A. Gilchrist against her surviving husband and heirs at law claiming adversely the residue of her estate, *i. e.* the surviving husband claiming adversely the whole of the residue, and the heirs claiming it to his exclusion.

The answers of the McDougals, which is not denied, and is entirely consistent with the will, shows that the testatrix intended the husband to receive no more of her estate than was specifically given. The single question is,

can a testatrix, by a will which does not dispose of all her property, deprive the surviving husband of the portion not embraced in her bequests. In other words, suppose Mrs. Gilchrist had, by her will, merely appointed an executor, with a single other clause in which she should have said " it is my will and desire that my husband shall receive no portion of my estate, real or personal," would it not be an absurdity to say that nothwithstanding such a will, the testatrix, being childless, the husband would take the whole estate ? If so, can it be less unreasonable in a case, which under the persuasion of her adviser and against her own or original purpose she does not give him *something* manifestly intending he shall take nothing else, to say he shall have the residue of unlimited amount ? I have been able to find no cases in point, and though one cited in Williams on Executors, from 4 Beavan, looks the other way, yet that case can be no authority here.

So far as Gilchrist is concerned, the testatrix did not die intestate as to any portion of her estate. He was clearly intended to be excluded. Conceding that he would have been in the absence of a will, heir at law under the statute, nevertheless the will deprived him of this character. We contend, therefore, that the residue of the estate must go to the parties who would have been her heirs in the absence of the statute for the benefit of the husband.

*John W. Malone* for S. S. Gilchrist.

Mary A. Gilchrist, wife of S. S. Gilchrist, while a *femme covert*, made her last will and testament and therein disposed of a portion of her separate property only, and appointed E. C. Love the executor thereof. Afterwards she died childless, leaving her husband and brothers and sisters surviving her.

The husband claimed the property of which she died intestate, and her brothers and sisters claimed it also. The executor filed a bill of interpleader against these several claimants, all of whom answered the bill and set up their several claims. The case was heard upon the bill and answers, and the court decreed that the husband was entitled to this property.

The husband claims it under and by virtue of the statutes of Florida. McClellan's Digest, 471, sec. 12.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

In October, 1881, Edward C. Love, as the executor of the last will and testament of Mary A. Gilchrist, filed his bill of interpleader in chancery, for the purpose of determining the rights of the heirs and legatees under the will. The testatrix was the wife of S. S. Gilchrist, and in and by her will disposed of a portion of her separate property only. She died without issue, leaving her husband and brothers and sisters, and some minor children of a deceased brother surviving her, the only heirs. The husband, S. S. Gilchrist, claimed the whole of the residue of her property, and the heirs claim it, to his exclusion. The several defendants answered the bill setting up their claims. The case was heard by the Chancellor on the bill and answers, and the court decreed that the husband was entitled to the property. The executor, by the decree, is " instructed, directed and required to pay and deliver to the said S. S. Gilchrist, or his solicitor, the said residue of said goods and chattels, rights and credits, moneys, effects, choses in action and personal property." From this final decree the other legatees and heirs, all mentioned in the will, as Duncan A. McDougald, Daniel F. McDougald, Archibald McDougald and others, bring their appeal.

The only question as presented in this case by the petition of appeal and the argument of counsel is, " Can a testatrix, by a will which does not dispose of all her property, deprive the surviving husband of the portion not embraced in her bequests."

By the terms of the will she bequeaths to .her husband, Dr. S. S. Gilchrist, the sum of five hundred dollars in cash, the growing crops on her place, the stock of hogs, and a horse named " Pet." She bequeaths to her brother, Duncan McDougald, fifty dollars ; to her brother, Daniel McDougald, fifty dollars ; to her brother, Archibald McDougald, fifty· dollars, and other sums ·to her relatives named in the bill of complaint, and who are appellants in this cause. The appellants claim that by reason of the fact that the testatrix bequeathed a certain specified amount of money and other property to her husband, that therefore it is evident she did not intend he should have any residue which might be left after the full carrying out of the will. Why would not the same reasoning apply to the appellants ; to each of them she left a legacy ; does it follow, therefore, that for that reason alone, they could not, if entitled otherwise, receive any portion of the residue ? · But the counsel for appellants say in their argument that the will itself, in that she expresses a desire to be buried by the side of her first husband, and that upon her tombstone shall be inscribed the words: " Mary Ann, wife of John G. Smith," the name of her first husband, evidences the fact that she intended ·S. S. Gilchrist, her then husband, should have no further portion of her estate than she had bequeathed him. We cannot see that this fact points to the ·conclusion at which the counsel has arrived. It is evidence of nothing beyond the desire expressed by her. The reasons are not known, but the fact is not · sufficient to cut off Gilchrist from any rights he may have under the law; nor are the

allegations made in the answer of defendant, D. A. Mc-Dougald, sufficient for that purpose. The will was proven and letters issued, and the executor, before the commencement of this action, had entered upon the discharge of the duties of his office.

In 2d Williams on Executors, 1590, it is said : " Where there is no gift of the undisposed of residue, a testator cannot, by negative words, exclude one of his next of kin from participating in it. Thus, where a testator, by his will, cut off his widow and one of his daughters from any part of his property, and directed that they should not receive any benefit therefrom, *but had made no disposition of his property*, it was held that the widow and daughter were, nevertheless, entitled to their share in the undisposed of residue, under the statutes of distribution." The author cites Johnson vs. Johnson, 4 Beavan, 318. This case so cited we have not been able to examine.

In the case of Fitch vs. Webber, 6 Hare, 145, the testatrix devised and bequeathed her real and personal estate in trust, as to the real estate, for sale as soon after her decease as conveniently could be, and declared that the trustees should stand possessed of the proceeds of the sale as a fund of personal and not real estate, for which purpose such proceeds of the sale, or any part thereof, *should not, in any event, lapse or result for the benefit of the heirs at law ;* and after giving legacies, the testatrix directed her trustees to pay and apply the residue of her estate and effects, as she should direct by any codicil to her will. She made no codicil, and soon after died. The Vice-Chancellor in his opinion says: " What I am called upon to do is not to give effect to an intention expressed in the will, but to imply an intention not expressed in favor of parties to whom the testatrix's testamentary dispositions are as hostile as the clause of exclusion is to the

37

heir, parties whom she has excluded as directly as she has excluded the heir. How can I in such circumstances imply an intention in favor of those parties? much less say that such intention is a necessary implication. Admitting the intention to exclude the heir, is not the intention to exclude the next of kin equally clear? Where then is there room for a necessary or any implication in favor of the next of kin. I feel myself called upon to follow the course of decisions, in holding that the testatrix has expressed an intention to exclude the heir only for the purposes of her will, and that if her words express more, and she has failed to say who shall take the surplus, the law must dispose of it." Bromley vs. Wright, 7 Hare, 334, 344; Flint vs. Warren, 14 Sim., 554; Leading Cases in Equity, Vol. 1, part 2, 1184.

Ths statute of this State is, however, explicit on this subject, and controls this case. It provides " if married women die in this State possessed of real and personal property, or of either species of property, the husband shall take the same interest in her said property and no other, which a child would take and inherit, and if the wife should die without children, then the surviving husband shall be entitled to administration, and to all her property, both real and personal." McC. Dig., 471, §12.

The decree of the Chancellor is affirmed.