26 So.2d 861

**McGEHEE et al. v. SMITH.**

8 Div. 336.

Supreme Court of Alabama.
June 29, 1946.

Claud D. Scruggs, of Guntersville, for appellee, executor.

T. Harvey Wright, of Guntersville, guardian ad litem for Howard McGehee.

W. C. Rayburn, of Guntersville, for appellants.

LAWSON, Justice.

The appeal is from a decree of the Circuit Court of Marshall County, sitting in equity, wherein the will of H. H. McGehee, deceased, is construed.

The bill was filed by appellee, as executor of the last will and testament of the said H. H. McGehee, against appellants and others to remove the administration of the estate from the probate court to the equity court and to construe the will.

At the time of his death, H. H. McGehee was survived by his widow, Evie McGehee, and their two children, Howard McGehee, a minor, and Dorothy McGehee Rigsby. He was also survived by seven children of a former marriage and by five grandchildren, children of two deceased daughters of the former marriage. They constitute all the heirs at law of the said H. H. McGehee, deceased. All were named as devisees or legatees under the will and all were made parties respondent to the bill filed by the executor. Appellants are the children of the former marriage.

Upon allegations in the bill under oath that in the opinion of the executor the estate could be better administered in the equity court than in the probate court, the administration was removed to the equity court of Marshall County. This procedure is not here questioned.

After providing for payment of debts, funeral expenses and a monument, the testator in paragraph 3 of his will devised his home, located in Gunterville, Alabama, to his widow, Evie McGehee, and to his children, Dorothy McGehee (Rigsby) and Howard McGehee, for their joint use so long as his widow remained unmarried and so long as she lives, with the provision that the fee simple title thereto is to vest in the named children upon the death or remarriage of their mother, Evie McGehee. The same provision is made with reference to household and kitchen furniture. In paragraphs 4 and 5 of the will testator left the sum of $25.00 to each of five grandchildren. Testator in the sixth paragraph of the will gives his car, gun and gold watch to his son Howard McGehee.

It is the seventh paragraph of the will that the executor sought to have the court construe. It is as follows:

"All the rest, residue and remainder of my Estate, real personal, or mixed, whatsoever (sic) situate of which I may die seized or possessed or to which I may be entitled at the time of my decease, I direct that the same be converted into cash by my Executor hereinafter named, and I direct that he use the same in educating my son, Howard McGehee, giving him a reasonable education, and after this has been done, I direct that any balance then in the hands of my Executor shall be divided equally between the said Howard McGehee, Dorothy McGehee, Willie McGehee, Daisy Smith, Elizabeth Sims, Hulett McGehee, Lena Vest, Dicie Franks and Shirley McGehee, share and share alike, and if for any reason my son, Howard McGehee, will not attend school and receive such education, then upon a judicial ascertainment of that fact by the Court, such balance shall be paid said residuary legatee as if he had completed his education, but my executor will retain in such event the interest of Howard McGehee and not pay it to him until he is twenty-one years of age but shall invest and preserve it for his benefit if he so fails to attend college and completes his education."

It appears from the allegations of the bill that Howard McGehee at the time the bill was filed was only sixteen years of age with at least two years of high school work uncompleted; that he was without funds and had requested the executor of his father's estate to use the estate funds for the purpose of defraying his expenses connected with the completion of his high school work and to that end would expect the executor to pay his mother (Evie McGehee) for room and board, tuition, supplies, books and clothing; that some of the respondents to the bill (devisees in remainder) were in disagreement as to the uses to which the said estate funds could be put, some contending that such funds could not be used for the purpose of paying the cost of the said Howard McGehee's high school education, while others contended that such funds could not be used for the

purpose of giving the said Howard Mc-Gehee a college education or any education after he finished high school.

The specific prayer of the bill is as follows:

"(1) That your Honor construe said will and instruct this complainant whether or not he should pay any expenses for Howard McGehee while he is in attendance in high school and if so, what expenses and in what amounts per month and in what months he should pay them and whether or not when school is not in session that he should make such payments and authorize your complainant to make such payments monthly in said definite amounts for his protection. (2) Construe said will and determine what expenses, if any, should be paid for said Howard McGehee, in acquiring such education as he may desire after he has completed high school and received his diploma therefrom and order him to make such payments as the Court thinks should be paid under said will. (3) Construe paragraph 7 of the will as to what constitutes 'Educating my son' and what constitutes 'giving him a reasonable Education' and what constitutes 'if he fails to attend college and complete his education' instructing your complainant as to his liability and his duties for payment of any of said expenses and if so what."

There was answer filed by the widow, Evie McGehee, and answer and cross-bill by the guardian ad litem of Howard McGehee, but with them we are not here concerned.

Appellants, who, as before pointed out, were among the devisees in remainder and who are the children of the said H. H. McGehee by a former wife, answered the bill wherein they contend: (1) That the executor is without authority to use the estate funds for the purpose of paying for room and board for Howard McGehee while he is living with his mother and attending high school and that such funds cannot be used for the purpose of paying his tuition and buying supplies, books and clothing while in high school; (2) that the executor is not authorized by the will to pay for any part of said Howard McGehee's college education or further edu-

cation after he has completed high school in that a high school education is a reasonable education within the meaning of paragraph 7 of the will; (3) that after Howard McGehee completes his high school education the balance then in the hands of the executor according to the terms of the will must be equally divided among the residuary legatees (devisees in remainder) named in the bill; (4) that the testator did not intend for the estate funds to lie idle for the long number of years that it would take for the said Howard McGehee to complete a college education.

The substance of the decree of the trial court is as follows: (1) That the testator in paragraph 7 of the will created an active trust for the purpose of giving his son, Howard McGehee, "a reasonable education" and thereby vested the executor with full control of the residue of his estate, to convert it into cash and to be held for such purpose and expended by him for such things and services and in such reasonable sums as necessary to accomplish that purpose; (2) that the words "a reasonable education" construed from the "four corners" of the will include high school, college and professional instruction; (3) that the said trust cannot fail under the will until it is judicially ascertained by the court that Howard McGehee will not attend college and complete his education, which fact could not at the time be judicially ascertained inasmuch as the said Howard McGehee was attending high school with the declared intention of attending college; (4) that the interest of appellants cannot be determined under the terms of the will until Howard McGehee has completed his college education or until such time as the facts may develop which will enable the court to determine judicially that the said Howard McGehee will not or cannot complete his education.

The trial court did not undertake to make a finding as to the sum of money which might be necessary to maintain the said Howard McGehee in college, due to the fact that conditions might change before the time for his entering college arrived, but did order the Register to hold a reference to ascertain a reasonable monthly al-

lowance to be paid to Howard McGehee while he is in high school and until he graduates therefrom.

■ In paragraph 7 of the will the testator set up a testamentary trust, to be administered by appellee as executor of his estate, for the purpose of educating his son, Howard McGehee. Hinson et al. v. Smyer, 246 Ala. 644, 21 So.2d 825. As we said in Gurley et al. v. Bushnell, 200 Ala. 408, 76 So. 324, 325, "Ordinarily a trust is implied from language giving directions to manage, dispose of, or distribute property for the benefit of others." It is an active trust, the interposition of a trustee being necessary to carry out its purpose. Henderson et al. v. Henderson et al., 210 Ala. 73, 97 So. 353; Morgan County Nat. Bank of Decatur v. Nelson et al., 244 Ala. 374, 13 So.2d 765.

■ The cardinal rule in interpreting a will is to ascertain, from the words used in the will, the real intent, and then to construe the will according to that intent. Montgomery et al. v. Wilson et al., 189 Ala. 209, 66 So. 503. That the testator intended that the executor use the trust funds for the purpose of giving his son Howard an education is too clear for argument. But appellants contend that the testator only intended for the funds to be used in giving him a "reasonable education" and that by the use of those words the testator indicated that he did not intend for the trust funds to be used to pay the expenses of Howard's college education. This argument completely ignores other words in the same paragraph of the will which clearly show that the testator intended that the trust funds be used by the executor to pay for the education of Howard, including a college education. The testator's intention, being the law of the instrument, must be gathered from the whole instrument, and all of its parts, after taking due consideration of the manifest scheme of the testator to ascertain its spirit rather than its letter. Fowlkes v. Clay, 205 Ala. 523, 88 So. 651; Schowalter v. Schowalter, 221 Ala. 364, 128 So. 458.

As before pointed out, the trial court has ordered a reference to ascertain a reasonable monthly allowance to be paid to Howard McGehee while he is in high school and until he graduates therefrom. Appellants contend that the trust funds should not be used for this purpose. Certain it is that a preparatory education is essential to entrance into college and the argument is untenable that the executor is without authority to use the funds for that purpose.

■ We think the will alone clearly shows that it was the intention of the testator that the trust funds be used for the purpose of paying for the education of his son Howard while in high school and college. But the word "education" is a broad and comprehensive term and has a variable and indefinite meaning, and the appellants contend that the testator by the use of the word "education" did not intend for the said trust funds to be used for the maintenance and support of Howard while he is in high school. The answer to this question thus raised depends upon the ascertained intent of the testator, and this intention may be gathered not only from within the instrument itself but also from the circumstances which surrounded the testator when the will was made, including the situation and condition of his estate, his relations with his family and beneficiaries and their situation and condition. Fillmore v. Yarbrough, 246 Ala. 375, 20 So.2d 792; Wiggins et al. v. Wiggins, 241 Ala. 333, 2 So.2d 402.

■ The will was executed on the 30th day of November, 1944, approximately six months prior to the death of testator. Howard McGehee was only sixteen years of age, without funds of his own. His mother has no independent means or income and received nothing from the testator's estate except that to which she was entitled by virtue of her dissent from the will. She is unable to support and maintain Howard while he attends school. The financial condition of his family was, of course, known to the testator at the time he executed the will.

A boy must be maintained while he is being educated and we think the trial court correctly ordered a reference to ascertain a reasonable monthly allowance to be paid Howard McGehee while he is in attendance

upon high school for board, clothing, school supplies and the like. Unquestionably the testator intended for the trust funds to be used for those purposes reasonably necessary to accomplish the object and purpose of the trust, the education of his son.

The appellants, with others, are given a remainder of what is undisposed of after Howard McGehee has completed his education or it has been judicially determined that he will not or cannot complete his education. They are devisees in remainder. Morgan County Nat. Bank v. Nelson, supra.

We have considered all questions insisted upon and are of the opinion that the decree of the trial court should be affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.