ESTATE of Blanchard Houston STALL-
WORTH, Sr., Deceased, B. H. Stall-
worth, Jr., and Daisy B. Stallworth, Ex-
ecutors, Petitioners,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 17076.

United States Court of Appeals
Fifth Circuit.

Aug. 1, 1958.

On Petition for Rehearing Nov. 14, 1958.

Vincent S. Lamb, Wm. S. Duke, Montgomery, Ala., for petitioners.

L. W. Post, Atty., Robert N. Anderson, Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Arch M. Cantrall, Chief Counsel, I.R.S., Charles O. Johnson, Sp. Atty., I.R.S., Washington, D. C., for respondent.

Before RIVES, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

B. H. Stallworth, a resident of Alabama, died on April 1, 1951. His will provided that, subject to debts, he gave his entire estate to his wife, Daisy B. Stallworth, and his son, B. H. Stallworth, Jr., in trust " * * * subject to all the following stipulations, namely:

"(a) During the life time of my said wife said trustees, and their successors in trust, shall as to all of said property then remaining in the trust, have complete power and authority to manage, handle, control, * * *.

\* \* \* \* \* \*

"All property, both real and personal, that may be purchased or otherwise acquired by said trustees, shall constitute a part of said trust property, and shall be governed in every way by all the provisions hereof relating to the property I may own at my death.

"(b) My said wife, Daisy B. Stallworth, shall be the beneficial owner of an undivided one half interest in and

to all of my said estate, and shall have the right to deal with and dispose of the same as she alone may see fit. If she elects to have her one half thereof set apart to her, then and in that event said trustees shall divide said property into two fairly equal shares and shall convey title to her for the share she may choose or designate; and in any event, so long as her said share remains a part of the trust she shall be entitled to have and receive one half of all income therefrom. Her ownership in said property shall be in fee simple.

"However, my said wife may, if she so elects, permit her one half to remain a part of said trust property, or may permit any part of her said one half to so remain; and she shall be entitled to her share of the income therefrom. But her right to handle and dispose of her said share shall be a continuing right to be exercised by her at any time during her life time. In the event of the death of my said wife before she may have made disposition of her said one half of said trust property, then it shall be presumed that she intended said property to remain a part of the trust property, and it shall be disposed of by this will and according to the provisions herein made for the disposition of the balance of said trust property.

"(c) During the life time of my said wife the income from all trust property shall be used and handled for the benefit of my said wife and of our children and her children, namely: Mildred Gardner, Louise Gardner, George H. Grimes, B. H. Stallworth, Jr., and Mary George Llewellen; my said wife to have all the income from her property then remaining in the trust, and so much of the income from the remainder of the property, if necessary, for her maintenance, support and comfort; my said trustees to determine from time to time what amount is necessary for the purpose of maintenance, support and comfort of my said wife.

"In the event any of said named children should die before the death of my said wife leaving children of their own, then the surviving children shall take what the parent would have taken if then living.

\* \* \* \* \* \*

"(e) At the death of my said wife this trust shall be terminated, and all property, then remaining in trust shall become the property in fee simple of all our five children hereinbefore named who may be then living, and the descendants of any of said children who may have previously died, that is to say, the then living descendants of any of such deceased children. \* \* \*."

By a codicil to his will, the decedent provided:

"1. All income from the share of my estate belonging to my beloved wife, Daisy B. Stallworth, as beneficial owner, and by the terms of said last will and testament is conveyed to the trustees named therein, shall be paid to my said wife at least annually; and payments thereof may be paid to her oftener if my said trustees see fit to do so. This shall apply to the entire estate belonging to my said wife, or to any portion thereof that may not have been withdrawn from said trust by her in accordance with the terms of said will.

"2. If my said wife, Daisy B. Stallworth, should die without having withdrawn from said trust all of her interest in my estate, as provided by the terms of said last will and testament, and without having made disposition thereof by will or otherwise, then and in that event any portion of her said assets still remaining in said trust shall go to her heirs at law according to the laws of descent and distribution of Alabama then in effect."

In the estate tax return a marital deduction was claimed. The schedule of this deduction included one-half of the estate. This deduction was disallowed for the assigned reason that the interest passing to the widow under the terms of the will did not qualify under the provisions of the statute. A 30-day letter dated October 26, 1954, proposed a de-

ficiency in an amount resulting from the disallowance. A protest on behalf of the estate was made. On February 9, 1955, the widow, Daisy B. Stallworth, brought a suit in the Circuit Court of Monroe County, Alabama, against the executor and against the children and stepchildren of the deceased, asserting that the will was ambiguous, and that there was a controversy between the executor and herself as to the interpretation of the will. She prayed for a decree that she was vested with a fee simple title to an undivided one-half interest in the estate. The children and stepchildren admitted the facts and neither admitted nor denied the widow's interpretation. The executor, by his answer, admitted the existence of the controversy. On March 28, 1955, the Alabama court entered its decree as follows:

"This cause coming on to be heard for final decree as submitted for the decision of the court upon Bill of Complaint, the answer of the Respondent, the agreement of Counsel, and the testimony as noted by the Register, and upon consideration of the same it is the opinion of the Court that the Last Will and Testament of B. H. Stallworth, Sr., vested a fee simple title in his wife, Daisy B. Stallworth, to an undivided one-half interest in and to all of his estate; that all other parts of said will in conflict therewith or in anywise appearing to limit or restrict the ownership or disposition thereof by said Daisy B. Stallworth are suggestions merely; that said Daisy B. Stallworth takes said undivided one-half interest in and to said estate, free and clear of any and all restrictions, rights or reversion, or loss of the right of disposition under any circumstances. It is therefore,

"Ordered, Adjudged, Decreed And Declared by the Court that:

"1. That Daisy B. Stallworth was vested, under the will of B. H. Stallworth, Sr., with a fee simple title in and to undivided one-half interest in and to all of said estate.

"2. That all other parts of said will in conflict therewith, or in anywise appearing to limit or restrict the ownership or disposition thereof by said Daisy B. Stallworth are inoperative and void.

"3. That said Daisy B. Stallworth is vested with title to said undivided one-half interest in and to said estate, free and clear of any and all restrictions, rights of reversion, or the rights of disposition."

Soon after the entry of the foregoing decree a statutory notice of a tax deficiency was issued. The executor and the widow submitted the controversy to the Tax Court. In a Memorandum Opinion of the Tax Court it was held that the suit in the Alabama Court was a nonadversary proceeding and not binding upon the United States. The Tax Court concluded that there was no ambiguity in the will, that it created a trust for the life of the wife with a power vested in her to withdraw one-half of the trust corpus, that any property so withdrawn would be hers in fee simple, and that the ownership in fee simple of the wife was contingent upon the exercise of the power. The Tax Court held that the will created a single trust and since the widow could not appoint the entire corpus the marital deduction was not available. The Tax Court sustained the disallowance of the deduction and its decision is before us for review.

The Tax Court found that the judgment of the Alabama Court was entered in collusive litigation and hence is not binding on the Commissioner in the tax controversy. If the Alabama suit was nonadversary in character it is not binding. Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634; Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465. We are not persuaded that the determination by the Tax Court that the Alabama judgment was rendered in a collusive proceeding and not binding is erroneous.

It was the Tax Court's opinion that the decedent's wife did not become

the owner in fee simple of one-half of the estate assets. The Estate points to the statement in the will that "Her ownership in said property shall be in fee simple." With reference to this statement counsel for the Estate make this comment in their brief, "Here in words, the meaning of which would be clear to most Alabama cotton pickers, the testator summarized the nature and extent of the gift to his widow." But clear as this sentence may be when lifted from the will and examined out of context we must look to the entire will, not omitting the extensive provisions purporting to create a trust which include, among other things, the direction that "At the death of my said wife this trust shall be terminated, and all property then remaining in trust shall become the property in fee simple of all our five children * * *." This provision, ineffective as to the half which is subject to Mrs. Stallworth's power of disposition, is nevertheless subject to consideration for determining intent of the other clauses of the will. The Estate directs our attention to the testamentary provision, "But her [Mrs. Stallworth's] right to handle and dispose of her said share shall be a continuing right to be exercised by her at any time during her lifetime." This language, it is asserted, is a grant of dominion incompatible with any property interest less than absolute ownership. It is to be noted that this provision follows that portion of the will making it explicit that the widow could elect to permit her half to remain in trust. We think the quoted sentence, read in context, was intended merely to make it clear that the exercise of the election of the widow to leave her half in the trust was not irrevocable and the right to have her half set apart to her was not terminated by an election to leave it in the trust.

■ So far as is here material, the decedent's will and codicil may be summarized as giving his estate to his wife and son in trust, to pay the income from one-half thereof to the wife and, if necessary for her maintenance, support and comfort, to pay her such additional income as becomes necessary for such purposes. Mrs. Stallworth was given an unlimited power to invade and transfer to herself one-half of the trust estate and to dispose of such half by her will if and to the extent she had not made disposition thereof during her lifetime. Upon the widow's death the trust estate, to the extent it is not disposed of by Mrs. Stallworth during her lifetime or by testamentary disposition, will become the property of her heirs at law. Under the Alabama statute[1] abolishing the Rule in Shelley's Case, the heirs of the widow are remaindermen under the testamentary trust unless, of course, some other statute requires a different result. Absent such statutory modification of the rule, the heirs of Mrs. Stallworth will become entitled upon her death to the undisposed of half of the trust estate. It is not necessary for us to consider whether the remainder interests are contingent or vested subject to divestment upon the happening of a condition subsequent.

■ We have considered the possibility that the trust for Mrs. Stallworth, if such there be, is a dry or passive trust which would be executed under the Statute of Uses. Street v. Pitts, 238 Ala. 531, 192 So. 258. The rule is:

"For a trust to be active it is essential that the interposition of the trustee be necessary to carry out the valid purposes of the trust, the test being that, with respect to the control, protection, management, or disposition of the trust property, the trustee has imposed on him, expressly or by implication, some active and substantial duty to perform, or useful purpose to subserve, or has by virtue of his trust obligation some

1. "Where a remainder created by a deed or will is limited to the heirs, issue, or heirs of the body of a person to whom a life estate in the same property is given, the persons who, on the termination of the life estate are the heirs, issue, or heirs of the body of such tenant for life, are entitled to take as purchasers by

discretion to exercise, such as the investment or reinvestment and care of property; * * * or the preservation of estates for those in remainder * * *." 90 C.J.S. Trusts § 177, p. 63; McGehee v. Smith, 248 Ala. 174, 26 So.2d 861; Morgan County National Bank v. Nelson, 244 Ala. 374, 13 So.2d 765, citing 65 C.J. 521.

We conclude that the trust under the will is an active one.

 Possibly pertinent are the Alabama statutory provisions [2] relating to the effect of a power of disposition given to the owner of an estate for life or for years. It may be that these statutory provisions are applicable only to legal tenures, not trust estates, and are largely declaratory of the common law. See Jemison v. Brasher, 202 Ala. 578, 81 So. 80. So also it may be that the exception relates not to powers of disposition of trust assets but to the execution of powers in trust. Cf. Nabors v. Woolsey, 174 Ala. 289, 56 So. 533. However it may be viewed, it is only where no remainder is limited on the estate of the donee of the power that such estate becomes an absolute fee. Where there is a future estate, the interest of the person having a life estate with an absolute power of disposition is a fee absolute as to the rights of creditors and purchasers

but subject to the future estates if the power of disposition is not exercised. The United States or the Commissioner or Director of Internal Revenue may be a creditor of the estate with respect to the estate tax owing to the United States. But the provision relating to creditors was intended to permit a levy or execution upon the property for the debts of the donee of the power, and to have the property sold free from the future estate, in satisfaction of the creditors' debt. This provision, as we read it, would not give the widow any greater estate, having a creditor, than she would have without it.

If Mrs. Stallworth has a fee ownership of one-half of her husband's estate, under his will as construed under the law of Alabama, such fee ownership is not the fee simple absolute of the common law,[3] but is the kind of estate referred to in the quoted Alabama statute as "a fee, subject to any future estate which may be limited thereon."

 In the event that Mrs. Stallworth does not, during her lifetime, or at her death by her will, dispose of one-half of her husband's estate, such half, or so much as she has not disposed of, will become the property of her heirs and they will take from the testator under his will and not from the widow. The estate of Mrs. Stallworth, whether called

virtue of the remainder so limited to them." Ala.Code, Title 47, § 141.

2. "When an absolute power of disposition, not accompanied by any trust, is given to the owner of a particular estate for life or years, such estate is changed into a fee absolute, as to the rights of creditors and purchasers, but subject to any future estates limited thereon, in case the power is not executed, or the lands sold for the satisfaction of debts, during the continuance of such particular estate." Ala.Code, Title 47, § 76.

"When a like power of disposition is given to any person to whom no particular estate is limited, such person also takes a fee, subject to any future estate which may be limited thereon; but absolute in respect to creditors and purchasers." Ala.Code, Title 47, § 77.

"In all cases where such absolute power of disposition is given, not accompa-

nied by any trust, and no remainder is limited on the estate of the donee of the power, he has an absolute fee." Ala. Code, Title 47, § 78.

"Every power of disposition is deemed absolute, by means of which the donee of such power is enabled in his lifetime to dispose of the entire fee for his own benefit; and where a general and beneficial power to devise the inheritance is given to a tenant for years or for life, it is absolute within the meaning of the last two sections." Ala.Code, Title 47, § 79.

3. It is the largest possible estate which a man can have, being an absolute estate. It is where lands are given to a man and to his heirs absolutely and without any end or limitation. Bouvier Law Dict. Rawle's 3rd Rev., p. 1075; Co.Litt. 1 b; 2 Bla.Com. 106.

a fee estate or by some other name, is a terminable interest. It does not qualify for the marital deduction under 26 U.S.C.A. (I.R.C.1939) § 812(e) (1) (A).

The marital deduction is available where the surviving spouse is entitled to all of the income for life and has power to appoint the entire corpus. 26 U.S.C.A. (I.R.C.1939) § 812(e) (1) (F). Here there is an unrestricted power to invade the corpus to the extent of one-half thereof. There might have been a doubt as to whether the right given to Mrs. Stallworth by her husband's will "to deal with and dispose of" a half interest in the estate granted to her a power of testamentary appointment over the half interest. But we are required to read the will and codicil together to gather the intention of the testator. Betts v. Renfro, 226 Ala. 635, 148 So. 406. By the codicil it is made clear that the power to deal with and dispose of the half interest in the estate could be exercised by will. Where there is an unlimited power to invade the corpus of a trust and an unlimited power to make a testamentary appointment of so much of the corpus as has not been subjected to the power of invasion, the requirements as to the sufficiency of the power of appointment are met. Treas. Reg. 105 § 81.47a; Rev.Rul. 55–518, C.B. 1955–2 p. 384; Estate of Pipe v. Commissioner, 2 Cir., 1957, 241 F.2d 210, certiorari denied 355 U.S. 814, 78 S.Ct. 15, 2 L.Ed.2d 31; Starrett v. Commissioner, 1 Cir., 1955, 223 F.2d 163.

To meet the test for the marital deduction the surviving spouse must not only be entitled to income for life with a power of appointment over corpus, but as the statute provides, the spouse must be entitled for life "to all the income from the corpus of the trust", and must have power to appoint "the entire corpus free of the trust." It seems rather a harsh rule that would deny an estate a marital deduction in the case of a single trust where the deduction would have been allowed if two trusts to accomplish the same purpose had been created. Yet the statute seems explicit. Text writers

have so regarded it. 2 Beveridge, Federal Estate Taxation 196, § 14.05; Loundes & Kramer, Federal Estate and Gift Taxes 414, ch. 17, § 6. The Tax Court has· so interpreted it. Estate of Hoffenberg v. Commissioner, 22 T.C. 1185; Estate of Shedd v. Commissioner, 23 T.C. 41; Estate of Sweet v. Commissioner, 24 T.C. 488. The courts of appeal of other circuits have adopted the same construction. Estate of Sweet v.· Commissioner, 10 Cir., 1956, 234 F.2d 401, certiorari denied 352 U.S. 878, 77 S.Ct. 100, 1 L.Ed.2d 79; Estate of Shedd v. Commissioner, 9 Cir., 1956, 237 F.2d 345, certiorari denied 352 U.S. 1024, 77 S.Ct. 590, 1 L.Ed.2d 596. Cf. Estate of Pipe v. Commissioner, supra.

A will somewhat similar to that of Stallworth was considered in Commissioner of Internal Revenue v. Estate of Ellis, 3 Cir., 1958, 252 F.2d 109. There the testator bequeathed his residuary estate to trustees and directed that the net income be paid to his wife for life. She had a right to invade corpus in such amounts as she desired. On the wife's death one-half of the unconsumed principal was to go to the widow's estate and the other one-half to the testator's children. The Commissioner denied any marital deduction. The Tax Court held that the entire trust qualified for the deduction, basing the holding on the conclusion that, "an unlimited power to consume principal of a trust satisfied the test of a power of appointment under § 812(e) (1) (F)." It may be noted that the widow's power to invade in the Ellis case applied to the entire trust and on this ground the decisions in the Sweet and Shedd cases were distinguished and so would the case here be distinguished. The Court of Appeals rejected the doctrine that a deduction was allowable under § 812(e) (1) (F), finding in the will a restriction on the power of the widow to consume and an absence of a power of testamentary appointment. The Court stated that "If she had the 'unlimited power to invade' referred to in Treasury Regulations 105, Section 81.47a, we would hold that the residuary estate, by

the terms of subparagraph (F) and the terms of the Treasury Regulation cited, would be entitled to the benefit of the marital deduction." This dictum, sound as it may be, we think of no benefit in a case such as this where the power to appoint by an invasion of corpus is limited to half the corpus.

The Tax Court said, in deciding this case, "Since the will creates but one trust, the marital deduction is not available, because the widow was not entitled to all the trust income and had no power to appoint the entire corpus." We agree. The judgment of the Tax Court is

Affirmed.

### On Petition for Rehearing

 By our opinion we held that because the surviving spouse was not entitled "to all the income from the corpus of the trust", and did not have power to appoint "the entire corpus free of the trust", no part of the trust qualified for the marital deduction. Since our opinion the statute which prevented the estate from being entitled to a marital deduction has been retroactively amended by the Technical Amendments Act of 1958 so that it now provides:

"Section 812(e)(1)(F) of the Internal Revenue Code of 1939 (relating to trust with power of appointment in surviving spouse) is amended to read as follows:

"'(F) Life Estate With Power of Appointment in Surviving Spouse.— In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in

favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

"'(i) the interest or such portion thereof so passing shall, for purposes of subparagraph (A), be considered as passing to the surviving spouse, and

"'(ii) no part of the interest so passing shall, for purposes of subparagraph (B)(i), be considered as passing to any person other than the surviving spouse.

"'This subparagraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.'" P.L. 85–866, 85th Cong.H.R. 8381 § 93, 72 Stat. 1668.

The amendment applies to estates of decedents dying after April 1, 1948, and before August 17, 1954, and so the amendment is applicable here. The executors have applied for a rehearing to permit effect to be given to the amendment. The Commissioner correctly comments, in a memorandum filed with us, that "the wife clearly had the right to one-half the trust income plus an unrestricted power to appoint one-half the trust corpus, and the marital deduction is accordingly allowable with respect to one-half of the trust property".

The petition for rehearing is granted. In order that the marital deduction may be allowed and the tax be recomputed, the judgment of the Tax Court is

Reversed and remanded.