WHITE, Judge.
Appellant Roberta M. Fulkerson seeks reversal of a probate order construing the last will and testament of her deceased uncle George F. Roulston. The probate judge held that Roberta M. Fulkerson was limited by the will to a $1.00 interest and that the rest of the $26,000.00 estate was the absolute property of Mrs. E. R. Fitch, surviving sister of the testator and the only beneficiary designated by name. The contending parties are the two closest blood relatives of George F. Roulston. They would have shared equally in his estate had he died intestate, Roberta M. Fulker-son being the only child of a sister who pre-deceased the testator.
The will was admitted to probate and on April 5, 1961 testator’s sister Mrs. E. R. Fitch, the executrix, filed a petition *108 for construction. The petition was answered by Roberta M. Fulkerson and the cause came on for hearing before the probate judge on undisputed facts. The dis-positive provisions of the will are embraced wholly within the following two articles, as the will is minus the conventional residuary clause:
“HI.
"I hereby give, devise and bequeath to my beloved sister MRS. E. R. FITCH, of 22 Virginia Circle, Montezuma, Georgia, all of my estate, both real and personal, wherever situate, for her use and pleasure as long as she may live.
“IV.
“To any other persons claiming to be my heirs and upon due proof of such heirship, I give and bequeath the sum of one ($1.00) dollar.”
The order of the probate judge found and determined as follows:
“But for Article IV of the will it appears clear that only a life estate was given to Mrs. E. R. Fitch also known as Mrs. Roberta R. Fitch, and that the decedent would have died intestate as to the remainder unless by a logical and legal construction of the will it is found that the first taker is 'entitled to the entire estate. It is the provision of Article IV that calls for the Court’s interpretation of the will and determination of the nature and extent of the estate given Mrs. E. R. Fitch (Roberta R. Fitch).
“But it is the law of wills that they should be so construed as to dispose of the entire estate if the words used in the will properly support that construction. As is said in The American Law of Administration, Woerner, Third Edition, Volume 3, Section 440, page 1489, ‘ * * * it has also been noted that the law favors the vesting of an estate at the earliest time; and that courts are not disposed to a construction that will tie up property but favor one that gives an estate of inheritance to the first taker, if it can be done consistently with the terms of the will and without violating some settled rule of law.’
“Roberta M. Fulkerson contends that she cannot be disinherited in this situation, and her counsel cites 26A C.J. S., (Descent and Distribution) Section 46. In said Section on page 607 appears the following:
“ ‘The fact that a will expresses the intention of the testator to disinherit certain persons does not prevent such persons from sharing as heirs at law of next of kin in property as to which the testator died intestate, since, as stated in Wills § 718, a clause in the will excluding the heirs or next of kin from all share in the estate is inoperative unless some valid disposition is made of the property.’
“But this is not a case of disinheritance per se. The said niece is not excluded from the will; there is a limitation on her inheritance.
“Said Roberta M. Fulkerson also cites 96 C.J.S. (Wills) Section 718, but in said Section on page 101 the following is noted :
“ ‘The giving of a specific bequest to a named heir has been held to exclude such heir from additional benefits under the will unless the will expressly makes further provision for so doing.’
“While it is true that said niece is not a ‘named’ heir in said Article IV of the will, it must have been known to the testator that she was his only heir at law other than Mrs. E. R. Fitch, his sister, and it seems obvious that the provision in said Article IV related to said niece. Thus he has limited the amount she may receive under his will.
“Having placed such limitation in his will it appears to the Court that *109 the testator intended to dispose of his entire estate in the will. It inescapably appears to the Court that he intended to give his entire estate in fee simple to his said sister burdened only with the limited bequest to his niece in said Article IV.
“This conclusion is inferable from a fair interpretation of the will according to the law relating to such construction, and it appears to the Court that this is a fair finding of the intent of the testator. In the writing of the will this intent was rather ineptly expressed, but such intent should not because thereof be defeated.
“The Court has duly considered the pleadings, the evidence and the briefs, and accordingly, it is found, determined and adjudged by the Court that the first taker, Mrs. E. R. Fitch, is entitled to the entire estate of the decedent burdened only with the right of the said niece, to share in it to the extent of $1.00, according to the will.”
The order appealed has been set out at length since it is in harmony with our view of the case. Research discloses no Florida decision close enough in point to be controlling, but the reasoning of the probate judge clearly follows the cardinal rule governing the interpretation of wills, viz., the ascertainment of the intent of the testator. Fortunately such testamentary writings are rare. This one obviously is not a model of craftsmanship to be emulated by those who engage professionally in the preparation and drafting of wills.
Normally at the end of a life estate, without express provision for remainder over, there would be a reversion of the fee which would then devolve upon the grantor’s heirs or be distributed among them in accordance with the statute of descent and distribution. Stephan v. Gerhart, 1940, 142 Fla. 88, 194 So. 343, 128 A.L.R. 440. Here, however, Article IV of the will in effect limited the taking by any heir other than Mrs. E. R. Fitch to $1.00. The testator knew that he had only two heirs then eligible to take by intestacy. He deliberately provided for one by name in endearing terms with respect to all the physical assets of his estate for her use and pleasure for life—but then virtually excluded, by a limitation of $1.00, his only other heir presumptive as also any others who might claim to be heirs except Mrs. E. R. Fitch.
It is the contention of appellant Roberta Fulkerson that there was no ambiguity in the language of the will and no construction was required; that by his order the probate judge supplied language which the testator failed to use. The appellant cites Filkins v. Gurney, Fla.App.1959, 108 So.2d 57 and urges that since the testator clearly died intestate as to the remainder of his estate in fee, this court should so declare.
In Filkins v. Gurney, supra, the court observed that words should be given their ordinary meaning and,that the prerogative of judicial construction of a will is properly involved only “by a discernible ambiguity or uncertainty arising from the language used and obscuring the intent of the testator.” On the hypothesis that there was no such obscurity in the instant case, the probate judge had nothing to construe. We are constrained to disagree.
Although the language of a will may be clear and unambiguous with respect to each sentence and article severally, the articles conjunctively may reveal inconsistency calling for judicial interpretation as in this case. It is then incumbent upon the court to consider the entire instrument in context to determine its intendment. See In re Estate of Mullin, Fla.App.1961, 133 So.2d 468; McGehee v. Smith, 1946, 248 Ala. 174, 26 So.2d 861; Allen v. Maxwell, 1947, 249 Ala. 655, 32 So.2d 699.
The present case is distinguishable in several significant respects from the cases cited by the appellant. In the first place the testator here in effect “cut off” any heir *110 other than his sister, his dominant purpose being to provide for her. The appellant’s citations pertain mainly to instances of omission in the will as to some part of the physical assets of the estate, correctly holding for example that where a testator makes a specific bequest to a named heir, it does not necessarily follow that he did not intend that heir to take nothing by way of intestacy. Stephan v. Gerhart, 1940, 142 Fla. 88, 194 So. 343, 128 A.L.R. 440; McDougald v. Gilchrist’s Executor, 1884, 20 Fla. 573.
In the McDougald case, supra, the testatrix made specific bequests to her husband and to other persons, but she failed to provide for any distribution of the residue. The lower court awarded this residue to the husband under the statute of descent and distribution and the remaining heirs appealed. They contended that since specific property was bequeathed to the husband, it was evident that the decedent did not intend for him to have any of the residue. The Florida Supreme Court rejected this argument and affirmed. We note that there was no language which would impel the conclusion that the testatrix intended to put a definite limit on her husband’s share.
The case of Stephan v. Gerhart, 1940, 142 Fla. 88, 194 So. 343; 128 A.L.R. 440, involved a situation where the testator left a life estate in everything he possessed to his wife, but provided for a remainder in only a portion of the estate. No provision was made for the additional remainder. The court held that he died intestate as to that part of his estate. There were no lineal descendants and the Supreme Court affirmed the order adjudging the remainder to the widow under the statute of descent and distribution. It is again notable that there was no obvious intent to limit the wife.
 It is initially presumed that a testator intended to dispose of his entire estate. The limitation in the instant will to a nominal $1.00 to the testator’s only other known heir intensifies this rule of construction to the conclusion that the testator actually intended that his sister have the absolute use, enjoyment, control and power of disposition of his entire estate. We would observe incidentally that this is not a case of a will contrary to public policy, as where a testator purports to disinherit his dependent minor children. We also note in passing the rule that where a will is susceptible of two constructions by one of which the testator may be held to have disposed of the whole of his estate and the other by which he may be held to have disposed of only a part and to have died intestate as to the remainder, the former construction will be favored. See Diehl v. Town of North Miami, Fla.1950, 49 So.2d 337; Page on Wills, Lifetime Ed., Vol. 2, p. 945.
It is cause for wonderment and concern that the disposition of an uncomplicated estate should have become involved in extensive litigation of this character.
Affirmed.
SHANNON, C. J., and SMITH, FRANK A., Associate Judge, concur.