SWANN, Judge.
This is an appeal from a final order of the probate court determining residuary beneficiaries in the estate of Mary Heke-mian, deceased.
The Last Will and Testament of Mary Hekemian contained the following paragraph, the interpretation of which is the subject of this appeal:
* * * * * *
“VII.
“All of the rest, residue and remainder of my estate, real, personal and mixed, wheresoever and whatsoever, whether in the present or in the future, which I have power to appoint and dispose of by will, I give, devise and bequeath to the following persons and charities, or the survivor of them, equally, to wit: My Sisters, NECTAR YERETZIAM, VARTENI BERZIKIAN; my deceased husband’s cousin, GLORIA ZULUMIAN; HOME OF THE ARMENIAN AGED at Emerson, New Jersey; ST. JOHN THE BAPTIST ARMENIAN CHURCH OF MIAMI, FLORIDA; HUMANE SOCIETY OF GREATER MIAMI, FLORIDA, and HUMANE SOCIETY of BERGEN COUNTY, in Maywood, New Jersey; it being my intention that if any one of the three persons herein provided for should predecease me, then her bequest shall fail and her part of my estate shall revert to and remain in my estate.” (Emphasis added)
* * * * * *
The Will was admitted to probate and the executor petitioned the court to determine the residuary beneficiaries alleging that one of the residuary beneficiaries, Nectar Yeretziam, had predeceased the testatrix. A response was filed alleging that the bequest to Nectar Yeretziam had lapsed and that her share should pass to the heirs at law under an intestate estate.
The probate court rejected this contention and ruled that the share should be divided among the residuary beneficiaries named in the Will. An appeal has been taken from this order.
The sole question presented herein is the construction and interpretation, by the probate court, of that portion of the Will set forth. The appellant could prevail only *574 if the Will were construed as permitting the share of the deceased beneficiary, Nectar Yeretziam, to pass by intestacy.
The Supreme Court of Florida, in discussing testamentary construction and interpretation of wills, in the case of In re Smith, Fla.1950, 49 So.2d 337, stated:
* * * * * *
“ * * * that such property be disposed of in accordance with the terms of the Charles Lyman Smith will, would be to ascribe to her an intention to die intestate as to such property. Such a construction will not be given where a will is susceptible of two constructions, by one of which the testator may be held to have disposed of the whole of his estate and by the other of which he will be held to have disposed of only a part and to have died intestate as to the remainder. As stated in Page on Wills (Lifetime Edition) Vol. 2, page 945 in respect to the matter, ‘A construction which results in partial intestacy will not be used unless such intention appears •clearly. It is said that the courts will prefer any reasonable construction, or any construction which does not do violence to the testator's language, to a construction which results in partial intestacy.’ See Thompson on Wills, 3d Ed., section 221, p. 342; Schouler on Wills, Executors and Administrators, 5th Ed. Vol. 1, section 490, pp. 615, 616; 57 Am.Jur., Wills section 1158, p. 754.” (Emphasis added).
* * * * * *
See also In re Roulston’s Estate, Fla.App.1962, 142 So.2d 107; Koerner v. Borck, Fla.1958, 100 So.2d 398; In re Gregory’s Estate, Fla.1954, 70 So.2d 903; 1 Redfearn, Wills and Administration of Estates in Florida, § 130 (3d Ed. 1957).
The language in question can reasonably be construed to mean that if any one of the three named persons should predecease the testatrix, then the bequest should fail and that share should revert to and remain in the residuary estate, passing to the residuary legatees named in the will.
The decision of the probate court is therefore
Affirmed.