192 So.2d 721

**Belle Campbell WILBUR**

**v.**

**Lionel CAMPBELL et al.**

**8 Div. 214.**

Supreme Court of Alabama.

Dec. 8, 1966.

Cloud, Berry & Ables, Huntsville, for appellees.

GOODWYN, Justice.

The appellant, Belle Campbell Wilbur, filed a bill for a declaratory judgment seeking a construction of her husband's will as vesting in her a fee simple title to the farm land devised to her by Item Two of the will. The respondents demurred to the bill, challenging its equity on the ground that the will, attached to and made a part of the bill, shows that complainant's title to the property "constitutes a fee simple estate subject to a condition subsequent." The demurrer was sustained, with the decree also providing as follows: "[T]he Court being of the opinion said bill cannot be amended to give it equity it is further ordered, adjudged and decreed by the Court that said bill be and the same is dismissed and the Complainant is taxed with the costs herein, for which let execution issue." This appeal is from that decree.

As a predicate for sustaining the demurrer, the trial court expressed its opinion "that the will is unambiguous and that * * * the devise in Item Two * * * is unambiguous and that such a devise by a husband in total restraint of a second marriage by his wife is valid and will be en-

Robert Sellers Smith, Huntsville, Goodwyn & Smith, Montgomery, for appellant.

forced according to its terms and that complainant is vested with a fee simple title in the real estate devised to her subject to a condition subsequent, abridging or defeating such title, in the event of her remarriage."

No point is made as to the propriety of construing the will in ruling on the demurrer. The parties argue the case on the basis of the demurrer and appear desirous that this court determine whether the trial court correctly construed the will. The applicable principle is thus stated in Town of Citronelle v. Gulf Oil Corp., 270 Ala. 378, 380, 119 So.2d 180, 181:

"Ordinarily it is not appropriate to make construction of an instrument on a demurrer to a bill of complaint seeking a declaratory judgment. Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11. Ordinarily the court does not make such declarations unless counsel for both sides argue the case on the basis of the demurrer to the bill and a question of law is thereby raised and counsel are desirous that the court make such interpretation. This court will make a declaration of rights under such circumstances where the question is raised by demurrer. McCall v. Nettles, 251 Ala. 349, 37 So.2d 635; Darling Shop of Birmingham v. Nelson Realty Co., 255 Ala. 586, 52 So. 2d 211; Blackwell v. Burketts, 251 Ala. 233, 36 So.2d 326. In other words, the parties join in the effort to have the deed [will] construed on demurrer and we will accordingly proceed to treat the issue as so presented."

The provisions of the will pertinent to a determination of the testator's intent are contained in Items Two through Five, viz.:

"ITEM TWO: I give, devise and bequeath unto my beloved wife, Belle Campbell Wilbur, my home on Greene Street, Huntsville, Alabama, and all of my farm land in Madison County, Alabama, which lies East of the highway known as old U. S. Highway # 231, together with all of my personal property, wheresoever situated or located, EXCLUDING HOWEVER, from the personal property all of my farming implements, livestock, farming tools, supplies and farming equipment. Should by [sic] wife predecease me, then and in this event, the above property so left to her in this Will shall descend under the provisions of ITEM FIVE of this Will. PROVIDED, HOWEVER, that should my wife remarry after my death, then she shall forfeit any interest she may have in the real property left to her and I direct my Executors to take steps to reclaim possession and title to any property she may have inherited under this Will and the same shall thence descend under provisions of Item FIVE of this Will.

"ITEM THREE: I give, devise and bequeath unto my brother-in-law, LIONEL CAMPBELL, so much of my farm in Madison County, Alabama that lies in the shape of a triangle and is located between old U. S. Highway #231 and the Memorial Parkway together with all my farm implements, livestock, farming tools, supplies and equipment. In my judgment, the acreage herein Willed is approximately twenty (20) acres.

"ITEM FOUR: I give, devise and bequeath all of my farm in Madison County, Alabama, which lies west of the present location of New U. S. Highway 231 also known as Memorial Parkway to Martha McGehee, Laura D. Renegar, Jackson Renegar, Tera M. Shaw, Annie Lee Hinebaugh and Janie Shaw Clark, with the provision, however, that should Martha McGehee, Laura D. Renegar, or Jackson Renegar predecease me, then it is my Will that their respective share or shares under this Item shall descend equally to Tera M. Shaw, Annie Lee Hinebaugh, and Janie Shaw Clark. Should Tera M. Shaw, Annie Lee Hinebaugh, or Janie Shaw Clark, predecease me, then it is my Will that their children or their lineal blood descendants shall inherit the share that their parent would have inherited under this Will, per stirpes.

"*ITEM FIVE:* The residue of my property, including any property that might return or vest in my estate from Item Two of this Will, I give, devise and bequeath to Martha McGehee, Laura D. Renegar, Jackson Renegar, Tera M. Shaw, Annie Lee Himebaugh, Janie Shaw Clark, and my brother-in-law, Lionel Campbell, share and share alike; PROVIDED HOWEVER, should Martha McGehee, Laura D. Renegar or Jackson Renegar not be living at the time of my death, nor living at the time of the remarriage of my wife, then in this or either event, any legacies that they may have received under this Will, I devise and bequeath to Tera M. Shaw, Annie Lee Himebaugh, Janie Shaw Clark and Lionel Campbell, share and share alike. Should any of the last named four contingent beneficiaries of this Will die without descendants or descendant living then the share of said deceased beneficiary shall be divided amongst the surviving of the four beneficiaries with each taking an equal share and should the said last named four contingent beneficiaries leave descendants their descendants shall inherit their parent's share, per stirpes."

There is no controversy that a devise by a husband in total restraint of a second marriage by his wife is valid and will be enforced according to its terms. See: Vaughn v. Lovejoy, 34 Ala. 437, 440, 441; 35 Am.Jur., Marriage, §§ 262, 263, pp. 363–365; 96 C.J.S. Wills § 854, pp. 280–281; Anno.: "Conditions, Conditional Limitations, or Contracts in Restraint of Marriage," 122 A.L.R. 7, 33, 34.

We agree with the trial court that the will is unambiguous and is susceptible of only one interpretation. From a reading of the will, the intention of the testator is plain. He devises the real property of concern here directly and immediately to his widow, in terms which vest in her the fee simple title. However, the estate is subject to be divested upon a single event or contingency—the marriage of his widow. It seems altogether clear the testator intended that the remarriage of his widow would determine or defeat the title already vested in her under the first sentence of Item Two. It is, of course, the testator's intention which prevails.

The cardinal rule in interpreting a will is to ascertain from the words used in the will the real intent of the testator and then to construe the will according to that intent. See: McGehee v. Smith, 248 Ala. 174, 178, 26 So.2d 861. The principle is thus stated in Baker v. Wright, 257 Ala. 697, 701, 60 So.2d 825, 829:

"The fundamental rule in the construction of wills is that the intention of the testator is the controlling factor, and it therefore becomes the duty of the court to ascertain, if possible from the terms of the will itself, the true intent of the testator and give it effect, if legally permissible. Schowalter v. Schowalter, 221 Ala. 364, 128 So. 458; Cook v. Morton, 254 Ala. 112, 47 So.2d 471."

The position taken by the wife is thus stated in her brief:

" * * * Appellant contends that the restriction relates to any interest she may have at the time of remarrying. The language of the will which appellant believes is ambiguous states that she shall forfeit any interest she may have in the real property left to her. Appellant feels that the proper construction of this language would consist of an interpretation that the only land which she would forfeit would be any interest that she may have in the real property at the time of her remarriage and that if she desired she could sell said land prior to her remarriage and the only land which would be forfeited would be any interest that she had in the real property at the time of her remarriage, assuming that she did remarry."

* * * * * * .

" * * * It is submitted that the intention of the testator was to qualify

only the interest in the property that she might have at the time of her remarriage and that it does not in any way limit her power to sell the property if she should see fit to do so. The language of the will does not in any way attempt to restrict the power of Mrs. Wilbur to convey the land which she received under the will. It only affects the interest that she may have in the land at the time of her remarriage in the event that she does remarry. It is submitted that the intention of the testator would be thwarted if the court were to hold that Mrs. Wilbur did not have the power to convey a fee simple title to the land, provided she had not remarried at the time of the sale."

 In view of the clearly indicated intention of the testator, as appears from the wording of the will itself, we see no basis for construing it in accordance with appellant's contention. Our view is that the construction placed on the will by the trial court is correct. Accordingly, the decree appealed from is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.